504 A.2d 1262

**Joan E. GORNIAK, Appellee,**

v.

**Michael E. GORNIAK, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 12, 1985.

Filed Jan. 10, 1986.

Reargument Denied March 12, 1986.

William R. Cunningham, North East, for appellant.

Charles D. Agresti, Erie, for appellee.

Before CAVANAUGH, JOHNSON and WATKINS, JJ.

CAVANAUGH, Judge:

This case involves a petition for divorce filed by Joan E. Gorniak against her husband, Michael E. Gorniak. A master's hearing was held at which the testimony apparently was stenographically reported. The master's report on page 28 directed that "stenographic costs for the master's hearing" be shared equally between the parties. The master made findings of fact and recommended that a divorce

be granted. He further made recommendations as to equitable distribution of marital property. The plaintiff and defendant filed exceptions to the master's report. The court below in an opinion by Fischer, J. denied all exceptions and adopted the master's recommendations as the order of the court. The defendant below, Michael E. Gorniak, appealed to this court.

■ The record as transmitted to this court does not contain a transcript of the proceedings before the master. In a divorce case it is the responsibility of this court to make a *de novo* evaluation of the record of the proceedings and to decide independently of the master and the court below whether there is a legal cause of action. *Mott v. Mott,* 308 Pa.Super. 1, 453 A.2d 1038 (1982); *Keller v. Keller,* 275 Pa.Super. 573, 419 A.2d 49 (1980). We are unable to properly review the record in a divorce case where there has been no transcript of the proceedings below. *Moslen v. Moslen,* 260 Pa.Super. 508, 394 A.2d 1042 (1978). In the case before us we have no transcript of the proceedings before the master and the docket entries indicate that none was filed in the court below. Pa.R.C.P. 1920.53 provides *inter alia:*

**Rule 1920.53. Hearing by Master. Report**

(a) In an action in which the action of divorce or for annulment and any claim which may be joined under the Divorce Code are heard by a master,

(1) the master shall file the record and a *transcript of the testimony* together with the report and recommendation within twenty days after the hearing in uncontested actions and, in contested actions, within thirty days after the receipt of the transcript by the master, and

.    .    .    .    .

(b) In an action in which the claim of divorce or annulment is contested, the master's report shall contain findings of fact, conclusions of law and a recommendation. *A transcript of the testimony, the exhibits, pleadings and*

*other papers in the action shall be attached to the report.* (Emphasis added.)

■ We must assume that the proceedings were stenographically recorded as the master directed that the stenographic costs be divided between the parties. Stenographic notes of testimony must be taken in any trial where factual issues are involved. *Revocation of Restaurant Liquor License v. Commonwealth,* 64 Pa. Commonwealth 566, 441 A.2d 491 (1982).

■ The Pennsylvania Rules of Appellate Procedure, Rule 1911, requires that "the appellant shall order any transcript required" and sets forth the form of order for transcript.[1] Neither the docket entries, the notice of appeal or any other document in the record indicates that an order for transcript was filed. Pa.R.A.P. 1911(d) provides that "If the appellant fails to take the action required by these rules ... for the preparation of the transcript, the appellate court may take such action as it deems appropriate, *which may include dismissal of the appeal.*" (Emphasis added.)

The appellant contends in his brief that the appellee was not the innocent and injured spouse and "in fact, her conduct was more outrageous than defendant's ..." (Appellant's brief page 5). The appellant also contends that the court below erred in accepting the valuation of the defendant's business and in awarding alimony and counsel fees to the appellee. It is impossible for us to resolve the conflicting assertions before us without the benefit of the transcript of the proceedings. Since the appellant has not complied with the Rules of Appellate Procedure and we

---

1. Pa.R.A.P. 1922 provides:

    **Rule 1922. Transcription of Notes of Testimony**

    (a) **General rule.** Upon receipt of the order for transcript and any required deposit to secure the payment of transcript fees the official court reporter shall proceed to have his notes transcribed, and not later than 14 days after receipt of such order and any required deposit shall lodge the transcript (with proof of service of notice of such lodgment on all parties to the matter) with the clerk of the trial court.

have no record before us on which to conduct our review, we shall dismiss the appeal.

Appeal dismissed.