J-S60018-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| CORENA A. GLOSEK | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KENNETH JOHN GLOSEK | |
| Appellant | No. 2218 MDA 2013 |

Appeal from the Order entered November 12, 2013
In the Court of Common Pleas of Northumberland County
Civil Division at No: CV-2005-1695

BEFORE: OTT, STABILE, and JENKINS, JJ.

MEMORANDUM BY STABILE, J.:               **FILED OCTOBER 29, 2014**

Appellant, Kenneth John Glosek, appeals from the order entered November 12, 2013 holding him in contempt of court. We are constrained to dismiss this appeal, because Appellant's counsel failed to request transcription of the contempt hearings.

The record of this interminable divorce and custody case is interspersed with multiple petitions and citations for contempt, including one citation against Appellant for lying under oath during a divorce master's hearing. This specific appeal concerns two contempt petitions filed by Appellee, Corena A. Glosek, one counseled and one *pro se*. She claimed Appellant was in violation of a January 30, 2012 trial court order, which incorporated the reports of a special master regarding custody of the parties' child and distribution of their marital property. After hearings on April 17

and November 6, 2013, the trial court entered an order finding Appellant in contempt and sentencing him to 30 days in the county jail with purge conditions. This appeal followed.

On appeal, Appellant contends that the evidence of record fails to show that he intentionally violated the January 30, 2012 court order.[1] Appellant, however, did not request transcription of the April 17 and November 6, 2013 hearings when he filed his notice of appeal, or at any time before or after filing his appeal. Not surprisingly, no transcripts of those hearings appear in the certified record.

"For purposes of appellate review, what is not of record does not exist." *Rosselli v. Rosselli*, 750 A.2d 355, 359 (Pa. Super. 2000). It is an appellant's burden to request transcription of relevant trial court proceedings when filing an appeal. *See* Pa.R.A.P. 904(c), 1911, 1921; *Weissberger v. Myers*, 90 A.3d 730, 734 n.8 (Pa. Super. 2014) (noting an appellant has the responsibility to "ensure that complete record is produced for appeal"). Generally, an appellant who fails to ensure that an adequate record exists waives appellate review. *Smith v. Smith*, 637 A.2d 622, 623-34 (Pa.

---

[1] Orders imposing coercive sanctions for civil contempt generally are final appealable orders. *Stahl v. Redcay*, 897 A.2d 478, 487 (Pa. Super. 2006). Civil contempt requires proof that the contemnor intentionally, and with wrongful intent, violated a court order of which he had notice. *Id.* at 489. We review a finding of civil contempt for an abuse of discretion. *Id.* at 488-89.

Super. 1993). Specifically, where an appellant fails to order relevant transcripts, an appellate court may dismiss the appeal. *See* Pa.R.A.P. 1911(d); *see also In the Interest of R.N.F.*, 52 A.3d 361, 363 (Pa. Super. 2012) (dismissing appeal from decree terminating parental rights where lack of transcript precluded meaningful appellate review); *Gorniak v. Gorniak*, 504 A.2d 1262, 1263-64 (Pa. Super. 1986) (dismissing an appeal because appellant failed to request transcription of divorce master's hearing).

Because Appellant failed to ensure that a sufficient record exists, appellate review is impossible.[2] We cannot determine whether the trial court abused its discretion without the record on which it based the finding of contempt. Although dismissal is an extreme remedy, here we have no choice because Appellant's counsel failed to follow clear, mandatory Rules of Appellate Procedure. *See Gorniak*, 504 A.2d at 1264 ("Since the appellant has not complied with the Rules of Appellate Procedure and we have no record before us on which to conduct our review, we shall dismiss the appeal.").

Appeal dismissed.

---

[2] We cannot consider the portions of parties' briefs that recite what happened at the contempt hearings. "[A]n appellate brief may not be used to prove a fact missing from the certified record." *Sevin v. Kelshaw*, 611 A.2d 1232, 1239 n.3 (Pa. Super. 1992).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/29/2014</u>