J. S14002/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| H.M.O. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| J.R.O. | : | No. 1631 MDA 2015 |
| | : | |
| APPEAL OF: J.R.O. | : | |

Appeal from the Order Entered, August 19, 2015,
in the Court of Common Pleas of Berks County
Civil Division at No. 14-23240

BEFORE: FORD ELLIOTT, P.J.E., PANELLA, J. AND STEVENS, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED MAY 11, 2016**

J.R.O. ("Father") appeals, ***pro se***, from the order entered August 19, 2015, in the Berks County Court of Common Pleas, Civil Division, which provided, in relevant part, for shared legal custody of the four minor children, N.J.O., born in May of 2004, N.R.O., born in September of 2005, N.L.O., born in August of 2007, and A.O., born in April of 2009 (collectively, "the Children"), primary physical custody to H.M.O. ("Mother"), and partial physical custody to Father. We are constrained to dismiss the appeal.

Mother and Father were married in of April of 2004 and separated in September of 2011, after Mother obtained a temporary Protection from Abuse ("PFA") order, dated September 26, 2011, against Father. This order granted temporary custody of the Children to Mother, pending the outcome of the final hearing. (Decision and order, 8/19/15, at 2, ¶ 9.)

---

* Former Justice specially assigned to the Superior Court.

Subsequently, on October 18, 2011, Mother obtained a final PFA order against Father. Pursuant to this order, which had an expiration date of October 18, 2014, Father was evicted from the marital residence. Further, Mother was conferred primary custody of the Children, with Father to have visitation on Tuesday and Thursday from 4:14 p.m. to 7:15 p.m. and Saturday from 12:00 p.m. to 6:00 p.m. Father's stepfather, mother, and/or sister were to accompany Father for the pick-up and/or drop-off, at which time Father was to remain in the vehicle. (*Id.* at 2-3, ¶¶ 10, 11.)

On December 29, 2014, Mother filed a complaint in divorce, which included a count seeking sole legal and primary physical custody of the Children. As a result, the court entered a scheduling order, on January 5, 2015, requiring the parties to attend and complete the Children in the Middle Program, and scheduling a mediation/orientation session for February 10, 2015, and a custody conciliation for March 2, 2015.

Thereafter, on January 22, 2015, Mother filed a Petition for special relief requesting sole legal and primary physical custody of the Children pending the custody conciliation conference. After a hearing, the court entered a temporary order, pending the outcome of the custody conciliation conference, on February 10, 2015. The temporary order provided for shared legal custody of the Children. The temporary order further provided for primary physical custody to Mother and partial physical custody to Father on alternate weekends from Friday at 5:00 p.m. to Sunday at 5:00 p.m. and

every Wednesday at 4:30 p.m. to 7:30 p.m., or at any other times the parties agree.

Following the custody conciliation conference, the custody/support master issued a proposed order on March 6, 2015, in line with the court's temporary order. Due to Father's exceptions, by order dated March 23, 2015, the matter was scheduled for a pre-trial conference on May 5, 2015.[1]

After pre-trial conference, the court scheduled and held a custody trial on August 6 and 7, 2015.[2] On August 19, 2015, the trial court entered a decision and order, which addressed each of the 16 custody factors under 23 Pa.C.S.A. § 5328(a). The trial court awarded Mother and Father shared legal custody of the Children. The court further awarded primary physical custody to Mother and partial physical custody to Father on alternate weekends from Friday at 6:00 p.m. to Sunday at 6:00 p.m. and every Wednesday from 5:00 p.m. to 7:00 p.m.[3] Father filed a timely notice of

---

[1] Several additional petitions were filed in the time period between Father's exceptions and the custody trial which had no impact on the custody order in effect and are therefore not addressed.

[2] Of note, Father was represented by counsel. (Entry of appearance, 1/30/15; decision and order, 8/19/15, at 20.)

[3] Pursuant to this order, Father was not to have any overnight custody of the Children until they had their own beds.

appeal, **pro se**, on September 18, 2015, along with what Father entitled a brief as a concise statement of matters complained of on appeal.[4]

We note at the outset that the trial court suggests in its opinion submitted pursuant to Pennsylvania Rule of Appellate Procedure 1925(a)(1) that Father's appeal should be dismissed for failure to pay for the transcript. (Trial court opinion, 10/13/15, at 1-2.)  Similarly, Mother avers in her brief that Father's appeal should be dismissed, not only for his failure to pay for the transcript, but for his deficient brief as well.  (Mother's brief at 4.) Mother additionally notes that Father did not file his brief in a timely manner and failed to serve Mother.  (**Id.** at 4-5.)  Mother likewise references Father's failure to file a reproduced record.  (**Id.**)  We are compelled to agree with the trial court and Mother.

We have held that an appeal may be dismissed and/or quashed where the deficiencies of the appellant's brief are such that we are unable to conduct a meaningful review.  **Karn v. Quick & Reilly, Inc.**, 912 A.2d 329, 337 (Pa.Super. 2006); **Branch Banking & Trust v. Gesiorski**, 904 A.2d 939, 943 (Pa.Super. 2006); **Commonwealth v. Maris**, 629 A.2d 1014, 1017 (Pa.Super. 1993).  Of particular importance, an appellant must include a statement of questions involved.  **Branch Banking & Trust**, 904 A.2d at 942; **Maris**, 629 A.2d at 1016.  As we indicated in **Maris**:

---

[4] Father subsequently filed another document as his brief which additionally attached and/or included what was submitted as his concise statement.

> "This Court possesses discretionary authority to quash, dismiss or deny allowance of appeal based upon the substantial defects of appellant's brief. Pa.R.A.P. 2101." **Commonwealth v. Ely**, 381 Pa.Super. 510, 513, 554 A.2d 118, 119 (1989). . . . "We decline to become appellant's counsel. When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review a Court will not consider the merits thereof." **Sanford**, **supra**, 299 Pa.Super. at 67, 445 A.2d at 150. . . .

**Maris**, 629 A.2d at 1017.

Moreover, we cannot accord special relief to an appellant merely because of his **pro se** status. **See id.** As stated in **Commonwealth v. Rivera**, 685 A.2d 1011 (Pa.Super. 1996):

> While this court is willing to liberally construe materials filed by a **pro se** litigant, we note that appellant is not entitled to any particular advantage because she lacks legal training. As our supreme court has explained, any layperson choosing to represent [herself] in a legal proceeding must, to some reasonable extent, assume the risk that [her] lack of expertise and legal training will prove [her] undoing.

**Id.** at 1013, quoting **O'Neill v. Checker Motors Corp.**, 567 A.2d 680, 682 (Pa.Super. 1989).

Further, with regard to transcripts, Pennsylvania Rule of Appellate Procedure 1911 states, in part:

> **(a)** **General rule.** The appellant shall request any transcript required under this chapter in the manner and make any necessary payment or deposit therefor in the amount and within the time prescribed by Rules 5000.1 et seq. of the

> Pennsylvania Rules of Judicial Administration (court reporters).
>
> . . . .
>
> **(d)   Effect of failure to comply.**  If the appellant fails to take the action required by these rules and the Pennsylvania Rules of Judicial Administration for the preparation of the transcript, the appellate court may take such action as it deems appropriate, which may include dismissal of the appeal.

Pa.R.A.P. 1991(a), (d).   ***See Gorniak v. Gorniak***, 504 A.2d 1262 (Pa.Super. 1986) (dismissing appeal where appellant did not comply with Rules of Appellate Procedure and provide transcript).

As we stated in ***Commonwealth v. Preston***, 904 A.2d 1 (Pa.Super. 2006) (***en banc***):

> With regard to missing transcripts, the Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal. Pa.R.A.P. 1911(a). . . .  It is not proper for either the Pennsylvania Supreme Court or the Superior Court to order transcripts nor is it the responsibility of the appellate courts to obtain the necessary transcripts. ***Id.***

***Id.*** at 7.

In the instant matter, without the necessity of reviewing Father's brief, we are nonetheless constrained to agree with the trial court and Mother regarding Father's failure to pay for the transcript.   Although Father submitted a request for the transcript with his notice of appeal, by his own admission in his brief, he did not pay the monies mandated for transcription.

(Father's brief at 1.) Further, a review of the record reveals that while Father filed a request to proceed *in forma pauperis*, this request was denied by this court in order for Father to first make this request of the trial court. (Order, 10/22/15.) We are unaware that Father made this request of the trial court. Without the notes of testimony, we are without a complete record and therefore hampered from conducting any meaningful review.

Accordingly, based on the foregoing reasons, we dismiss Father's appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/11/2016