J-A27026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SYCAMORE RESTAURANT GROUP, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STAMPFI HARTKE ASSOCIATES, LLC | |
| Appellant | No. 2547 EDA 2015 |

Appeal from the Order May 21, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2011-34020

\*\*\*\*\*

| | |
|---|---|
| SYCAMORE RESTAURANT GROUP, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STAMPFI HARTKE ASSOCIATES, LLC | |
| Appellant | No. 2563 EDA 2015 |

Appeal from the Order May 21, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2011-34020

BEFORE:  PANELLA, J., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.:                  **FILED JANUARY 31, 2017**

---

[*] Former Justice specially assigned to the Superior Court.

Sycamore Restaurant Group, LLC, appeals from the order, entered in the Court of Common Pleas of Montgomery County, which granted construction delay damages in its favor in the amount of $20,332.59.[1] Upon review, we remand to the trial court for the filing of a supplemental opinion pursuant to Pa.R.A.P. 1925(a).

Sycamore initiated the instant action on December 9, 2011, based upon assertions that Stampfi Hartke Associates, LLC, breached an architectural and engineering services contract it had entered into with Sycamore regarding a newly constructed restaurant. A non-jury trial was held on May 14 and 15, 2015. The court's decision, finding in favor of Sycamore in the amount of $20,332.59, plus costs, was docketed on May 22, 2015. Thereafter, Sycamore filed a post-trial motion on June 1, 2015,[2]

---

[1] Sycamore appeals on the basis that the damages award is inadequate. Stampfi Hartke Associates, LLC, has filed a consolidated cross-appeal in this matter, arguing that damages were awarded to Sycamore in error.

[2] We note that Sycamore timely served the motion on opposing counsel, but the certificate of service indicates it failed to provide a copy of the motion to the trial court at the same time. **See** Pa.R.C.P. 227.1(f) ("The party filing a post-trial motion shall serve a copy promptly upon every other party to the action and deliver a copy to the trial judge."). However, the court considered the motion to be timely and Stampfi did not object. Accordingly, we find the motion adequately preserved Sycamore's issue raised on appeal. **See Watkins v. Watkins**, 775 A.2d 841, 845 n.1 (Pa. Super. 2001) ("Whenever a party files post-trial motions at a time when the court has jurisdiction over the matter but outside the ten-day requirement of Pa.R.C.P. 227.1, the trial court's decision to consider the motions should not be subject to review unless the opposing party objects." (quoting **Mammoccio v. 1818 Market Partnership**, 734 A.2d 23, 27 (Pa. Super. 1999)).

asserting that the Court erred by failing to consider certain evidence and testimony in reaching its decision and that the damages award is inadequate. Stampfi filed a post-trial motion on July 1, 2015, asserting that the court erred in awarding damages to Sycamore. The court denied both post-trial motions on August 4, 2015, and entered judgment in favor of Sycamore on August 12, 2015. Sycamore and Stampfi each filed timely notices of appeal and court-ordered concise statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

On appeal, Sycamore raises the following question for our review:

Did the lower court commit legal error and/or abuse its discretion, by entering an inadequate verdict in favor of Sycamore, based solely on money damages of $20,332.59 for construction completion delay (for rent and construction loan interest associated with the extra time need[ed] to complete the unanticipated rock removal and dewatering), but excluding the credible and uncontroverted evidence of additional money damages for the $197,009.12 of costs actually incurred by Sycamore for [the] unanticipated rock removal and dewatering?

Brief for Appellant, at 3. Stampfi frames the issue as follows: Did the [t]rial [c]ourt commit legal error and/or abuse its discretion by awarding damages to [Sycamore] for alleged construction delays in the amount of $20,332.50 despite the lack of any competent testimony or evidentiary support as to the cause, extent or damages suffered as a result of the alleged delay?" Brief of the Cross-Appellant, at 5.

As an initial matter, we note that Stampfi's post-trial motion was untimely, since it was filed more than 10 days after Sycamore filed its post-trial motion on June 1, 2015. *See* Pa.R.C.P. 227.1(c) ("If a party has filed a

timely post-trial motion, any other party may file a post-trial motion within ten days after the filing of the first post-trial motion."). Additionally, Sycamore objected to the timeliness of Stampfi's post-trial motion in its answer to the motion and at argument. On this basis, the trial court found Stampfi's post-trial motion did not preserve its claims on appeal. We are constrained to agree. **See Kennel v. Thomas**, 804 A.2d 667, 668 (Pa. Super. 2002) (where trial court refused to address the merits of appellant's issues raised in untimely post-trial motions, issues were waived and not preserved for purposes of appellate review).

Before we reach the merits of Sycamore's appeal, we must address the fact that the trial court declined to address the issue of damages in its opinion pursuant to Pa.R.A.P. 1925(a), on the basis that both parties delayed in requesting that the trial notes be transcribed.

Pursuant to Pa.R.A.P. 1911, an appellant shall request and pay for any necessary transcript in an appeal, and where a cross appeal has been taken, the cross-appellant shares the duty to file and pay for necessary transcripts. Pa.R.A.P. 1911(a), (b). The Pennsylvania Rules of Judicial Administration[3] specify that the request for a transcript in an appeal "shall be made part of the notice of appeal." Pa.R.J.A. 5000.5(b). Further, if an appellant "fails to take the action required by . . . the Pennsylvania Rules of Judicial

---

[3] Pa.R.J.A. 5000.1-5000.13.

Administration for the preparation of the transcript, the appellate court may take such action as it deems appropriate, which may include dismissal of the appeal." Pa.R.A.P. 1911(d). Indeed, in cases where the appellant has failed to request the trial transcript at any point during the pendency of the appeal, this Court has found it appropriate to dismiss the matter. **See Smith v. Smith**, 637 A.2d 622, 624 (Pa. Super. 1993) (appropriate to quash appeal where appellant challenged order of support on grounds necessitating review of hearing transcript but did not make transcript official part of record); **see also Gorniak v. Gorniak**, 504 A.2d 1262, 1264 (Pa. Super. 1986) (appeal properly dismissed where appellant failed to file order for transcript of proceedings).

Instantly, both parties failed to request the trial transcript with their notices of appeal, which were filed in August 2015. On September 5, 2015, counsel for Sycamore inquired about the cost to have the trial proceedings transcribed. Counsel for both parties were informed on September 18, 2015, of the required deposit of 50 percent of the transcription costs as allowed by Pa.R.J.A. 5000.6. Stampfi's counsel ultimately paid the required deposit on January 28, 2016. The stenographer completed the transcript and filed it on February 10, 2016.

The trial court correctly observes that the necessary deposit for the transcript was not paid for 7 months after the filing of post-trial motions and 5 months after the filing of the notices of appeal in this matter. This could be grounds for dismissal in some cases in our Court pursuant to Rule 1911;

however, we note that the trial court did not file its Rule 1925(a) opinion until February 17, 2016, a week **after** the trial transcript was completed and the notes of testimony were filed. Accordingly, the trial court could have reviewed the transcript and produced a Rule 1925(a) opinion that analyzed the merits of the issue raised on appeal regarding its determination of damages, and we remand for the court to file a supplemental opinion within 45 days of the date this decision is filed.

Case remanded for further proceedings consistent with this decision. Jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/31/2017