In the Interest of:  G.T.

Appeal of:  G.T., Father

In the Interest of:  N.R.

Appeal of:  G.T., Father.

Superior Court of Pennsylvania.

Argued Feb. 14, 2006.
Filed April 10, 2006.

John J. Capaldi, Philadelphia, for appellant.

Fredda L. Maddox, Philadelphia, for G.T., appellee.

James B. King, Philadelphia, for D.R., participating party.

Cynthia N. Keller, Philadelphia, for Department of Human Services, participating party.

BEFORE: TODD, KLEIN, JJ. and McEWEN, P.J.E.

OPINION BY KLEIN, J.:

■ ¶ 1 Father, G.T., appeals from the trial court's order changing the goal from reunification to adoption[1] and terminating his parental rights[2] of his two daughters. Essentially, G.T. complains that because a significant part of the transcript is missing and cannot be found, the trial court's decision should be reversed and the case remanded for a new hearing. However, because G.T. is the appellant and has made no effort to re-create the record as is provided by our Rule of Appellate Procedure 1923, his argument fails. Moreover, there is sufficient evidence in the record to support the goal change and termination. Therefore, we affirm.

*Missing Transcript and Pa.R.A.P.1923*

■ ¶ 2 In *In re D.D.,* 409 Pa.Super. 35, 597 A.2d 648, 653 (1991), our Court recognized that "[i]t is the obligation of the appellant in the superior court to ensure that the record on review will be adequate to permit meaningful scrutiny." To this end, our state appellate courts have recognized that mechanisms exist for reconstruction of a record where critical gaps appear. *Hart v. W.H. Stewart, Inc.,* 523 Pa. 13, 564 A.2d 1250, 1253 (1989) (Larsen, J., dissenting); *Commonwealth v. Williams,* 357 Pa.Super. 462, 516 A.2d 352, 354 (1986). One of these mechanisms is found within our Rules of Appellate Procedure, specifically Pa.R.A.P.1923. Under Rule 1923, if a transcript is unavailable, as in the present case, appellant has the opportunity to "prepare a statement of the evidence or proceedings from the best available means, including his recollection." If the appellee objects to the content of the statement, he or she may serve these objections or any proposed amend-

---

1. The standard of review for an order changing the placement goal of a dependent child is abuse of discretion. In deciding a change of placement goal request, the trial court must consider the best interest of the child and whether the parent has substantially complied with the family service plan goals. *In the Interest of K.D.,* 871 A.2d 823 (Pa.Super.2005).

2. In reviewing an order involving termination of parental rights, an appellate court's scope of review is broad, and all the evidence as well as the hearing court's factual and legal determinations will be considered. The standard of review is limited to determining whether the decree of the lower court is supported by competent evidence and whether it gave adequate consideration to the effect of such a decree on the welfare of the child. Though the appellate court is not bound by the trial court's inferences and deductions, it may reject its conclusions only if they involve errors of law or are clearly unreasonable in light of the trial court's sustainable findings. *In re M.G.,* 855 A.2d 68 (Pa.Super.2004).

ments within ten days. The statement and any objections/amendments are then submitted to the trial court for approval, which is then certified as part of the record on appeal.

¶ 3 Absent a re-creation of the content of the alleged missing transcript, it is as if the transcript was not filed. Under those circumstances, adequate appellate review is not possible without such crucial testimony. *See Delcamp v. Delcamp,* 881 A.2d 853 (Pa.Super.2005) (where appellant did not comply with local rule requiring party to secure transcript in divorce case, "effective review [wa]s not possible until [the] transcript [wa]s obtained, and thus the potential sanction of dismissal for failure to do so in a timely manner [wa]s not improper"). *See also Gen. Equip. Mfrs. v. Westfield Ins. Co.,* 430 Pa.Super. 526, 635 A.2d 173 (1993) (in absence of transcript of proceedings held before trial judge or a summary of those proceedings pursuant to Pa.R.A.P.1923, appellate court was without adequate record to decide whether judge erred by denying motion to compel; issue was considered waived for purposes of appeal); *Boyle v. Steiman,* 429 Pa.Super. 1, 631 A.2d 1025 (1993) (same).

¶ 4 Here, G.T. concedes in his brief that his ability to win this appeal is "significantly compromised by the unavailability of the trial court transcript from the September 13, 2004 bifurcated hearing where much of the case and witness testimony were presented." Appellant's brief, p. 15. While this may be true, G.T. erroneously blames the problem on everyone but himself. It was, however, clearly his obligation to re-

create the testimony as best as he could. Pa.R.A.P.1923.[3]

¶ 5 This is not a case (1) where the absence of a transcript was due to an "extraordinary breakdown in the judicial process," *Commonwealth v. Williams,* 552 Pa. 451, 715 A.2d 1101, 1106 (1998), and (2) where the absence of a transcript requires remand for a new hearing. In this case:

- Appellant was represented by counsel at trial and in this appeal,
- Appellant was aware, prior to filing his brief on October 11, 2005, that the September 13, 2004, transcript was missing, as he indicates in his brief that on September 16, 2005, he received a letter from the court administrator informing him that the September 13, 2004, notes of testimony could not be located. Appellant's brief, p. 19.
- Appellant made no effort to comply with Pa.R.A.P.1923, *see: Commonwealth v. Williams, supra* (holding that Rules of Appellate Procedure require appellant to provide a complete record on appeal, including requesting the transcription of testimony germane to the appeal, but do not place on appellant the burden to transmit the record),
- The trial judge was present at both hearings, namely, September 13, 2004 and October 13, 2004, and issued an opinion based upon the evidence presented at those hearings. *Compare: In the Interest of J.H.,* 788 A.2d 1006 (Pa.Super.2001)(remanding for an evidentiary hearing where appeal of trial court's order, which adopted master's recommendation to change the place-

---

**3.** As is noted in the Department of Human Services'/Appellee's (DHS) brief, opposing counsel offered to draft a Rule 1923 statement of the September 13, 2004 proceedings in order to expedite the matter in the hopes of giving the children some permanency. After two unsuccessful attempts to contact G.T.'s counsel, DHS sent a letter to G.T.'s counsel advising him that DHS's trial counsel would draft a statement which would then be forwarded to him and the child advocate for their input. Unfortunately and inexplicably, Appellant filed his brief before the statement was drafted and, thus, a resulting incomplete record is before us. *See* Appellee's brief, p. 8, n. 1.

ment goal from reunification to termination of parental rights and adoption, could not be reviewed without a transcript of master's hearing or a trial court opinion), and

● The evidence which is included in the certified record supports the conclusion of the trial judge to change the goal to adoption and terminate appellant's parental rights.

*Sufficiency of Evidence for Goal Change and Termination*

¶ 6 As noted, even absent the missing transcript, the evidence that is contained in the record supports the conclusion of the learned trial judge, Judge Lisa A. Richette, changing the goal to adoption and terminating G.T.'s parental rights to his daughters. *In the Interest of K.D., supra; In re M.G., supra.* Among other things, Judge Richette notes that G.T.: did not suitably repair his home[4] to receive the children despite his financial ability to do so; missed visitations with the children and consistently showed up late to most visits; showed unrestrained behavior and hostility during his visits; did not comply with six court-ordered random drug screens to confirm his drug-free status; did not meet regularly with placement agency's social worker or comply with individual service plan; deceived the court regarding location of the children's mother; and did not establish a loving bond with the children despite the fact that he saw them frequently.

¶ 7 Order affirmed.

---

**4.** According to DHS' records, on a November 2003 visit to G.T.'s home, the house had no hot water, gas or operable telephone. Moreover, the paint and wallpaper were peeling from the walls, the roof leaked, the walls in the house needed repairs, the front window was broken and the house was infested with bugs.