**In the Interest of R.N.F.**

**Appeal of Y.H., Mother.**

Superior Court of Pennsylvania.

Submitted April 16, 2012.
Filed Aug. 28, 2012.

John J. Capaldi, for appellant.

Christina M. Staphanos, Public Defender, New Britain, for appellee.

William E. Gibbons, Philadelphia, for B.F., Participating Party.

Craig E.F. Alston, Philadelphia, for Dept. of Human Services, participating party.

BEFORE: BENDER, J., LAZARUS, J., and STRASSBURGER*, J.

OPINION BY BENDER, J.:

Appellant, Y.H. ("Mother") appeals from the decree entered on February 28, 2011 in the Court of Common Pleas of Philadelphia County, terminating her parental rights to her son, R.N.F., born in December of 2007 ("Child"), pursuant to 23 Pa. C.S. § 2511(a)(1), (2), (5), (8), and (b), and changing Child's permanency goal to adop-

tion, pursuant to 42 Pa.C.S. § 6351.[1] We dismiss the appeal.

On December 20, 2010, the Philadelphia Department of Human Services ("DHS") filed a petition to terminate Mother's parental rights pursuant to 23 Pa.C.S. §§ 2511(a)(1), (2), (5), (8), and (b). On January 14, 2011 and February 28, 2011, the trial court held hearings on the petition. All testimony was completed and exhibits admitted at the January 14, 2011 hearing. At the February 28, 2011 hearing, the trial court heard oral argument and rendered its decision, terminating Mother's parental rights and changing Child's permanency goal to adoption.

The trial court's docket reflects that, on March 28, 2011, Mother timely filed her notice of appeal and concise statement of errors complained of on appeal in the trial court, pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). The trial court, in its Pa.R.A.P. 1925(a) opinion, noted, however, that Mother failed to concurrently serve the trial judge with her Rule 1925(b) Statement. Trial Court Opinion, 8/4/11, at 1 n. 2. See Pa.R.A.P. 905(a)(2), 1925(a)(2), 1925(b)(1). Mother's counsel, John J. Capaldi, Esq., certified that he served the notice of appeal and all filed documents on the trial court judge, by "First Class U.S. Mail—Postage Prepaid." Mother's Proof of Service, dated 3/28/11. We decline to hold that Mother's alleged procedural misstep in failing to serve the trial court judge with her Rule 1925(b) Statement is fatal to her claims. See In re K.T.E.L., 983 A.2d 745, 747 (Pa.Super.2009) (holding that an appellant's failure to strictly comply with Pa.R.A.P. 1925(a)(2) did not warrant an application of the waiver rule, as no court

---

* Retired Senior Judge assigned to the Superior Court.

1. On the same date, the court also entered its decree for the involuntary termination of Father's parental rights. Father did not appeal.

order had been violated, and there was no prejudice to any party).

The uncontested facts of this case are as follows: Child was born in December of 2007. The family became known to DHS no later than the winter of 2008. At that time, DHS investigated the family, and concluded that Mother was unable to care for Child. In February 2008, DHS filed a dependency petition regarding Child. On March 14, 2008, the court conducted a hearing, and Child was adjudicated dependent. Also in March of 2008, Mother and DHS conducted an initial Family Service Plan ("FSP") meeting, and established FSP objectives for Mother to facilitate reunification with Child.

The trial court concluded that, throughout Child's placement, Mother experienced periods of time when she "didn't or couldn't make her visits" with Child, and concluded that she has not undertaken a parental role. N.T., 2/28/11, at 22–23. The trial court also concluded that no bond exists between Child and Mother. *Id.* at 23–24. As a result, the trial court terminated Mother's parental rights pursuant to 23 Pa.C.S. § 2511(a)(1), (2), (5), (8), and (b). *Id.* at 24–25.

On appeal, Mother raises two issues:

1. Whether the trial court committed error by involuntarily terminating [M]other's parental rights where such determination was not supported by clear and convincing evidence establishing grounds for termination under the Adoption Act, 23 Pa.C.S.A. §§ 2511(a)(1), (a)(2), (a)(5), and (a)(8)?

2. Whether the trial court committed error by involuntarily terminating the [M]other's parental rights and changing the permanency goal from reunification with the parent to adoption without giving primary consideration to the developmental, physical and emotional needs and welfare of the child as required by the Adoption Act, 23 Pa.C.S.A. § 2511(b)?

Mother's Brief at 5.

Initially, we note that Child contends that meaningful appellate review is not possible in this case. Child contends that Mother failed to request the proper transcripts, failed to reconstruct the record, failed to supplement the record with exhibits entered into evidence in the trial court, and failed to cite with specificity to the record in the trial court. Child's Brief at 12.

In *Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa.Super.2006) *(en banc)*, this Court acknowledged that the appellant is charged with the obligation to ensure that there is an adequate record to permit "meaningful review." "In the absence of an adequate certified record, there is no support for an appellant's arguments and, thus, there is no basis on which relief could be granted." *Id.* This Court has also acknowledged that,

[t]o this end, our state appellate courts have recognized that mechanisms exist for reconstruction of a record where critical gaps appear. One of these mechanisms is found within our Rules of Appellate Procedure, specifically Pa. R.A.P. 1923. Under Rule 1923, if a transcript is unavailable, as in the present case, appellant has the opportunity to "prepare a statement of the evidence or proceedings from the best available means, including his recollection." If the appellee objects to the content of the statement, he or she may serve these objections or any proposed amendments within ten days. The statement and any objections/amendments are then submitted to the trial court for approval, which is then certified as part of the record on appeal.

Absent a re-creation of the content of the alleged missing transcript, it is as if the transcript was not filed. Under those circumstances, adequate appellate review is not possible without such crucial testimony.

*In re G.T.*, 897 A.2d 1197, 1198–99 (Pa.Super.2006) (citations omitted). Additionally,

[i]f anything material to either party is omitted from the record by error or accident or is misstated therein ... the appellate court, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted.

Pa.R.A.P. 1926.

In the instant case, the trial court held a hearing on the petition for involuntary termination of Mother's parental rights on January 14, 2011. All testimony was completed and exhibits admitted at the January 14, 2011 hearing. No transcript of that hearing was made a part of the record. Child argues, *inter alia*, that Mother made no effort to obtain the transcript or to re-create the content of the alleged missing transcript, and that, as a result, this Court should quash the appeal. Mother's brief does not address the issue, nor did she file a reply brief. Mother has not filed a motion to supplement the certified record, and her brief does not suggest any effort on her part to obtain a transcript of the January 14, 2011 hearing.[2]

Child avers that he diligently sought to undertake the re-creation of the record, but ultimately discovered that a transcript of the hearing was not available, as the result of an apparent technical malfunction in audio recording equipment. Child's

Brief at 13 n. 5. Additionally, Child avers that he sought cooperation from Mother's counsel to re-create the missing contents of the record:

[O]n or about September 14, 2011, Appellee's Counsel Patricia Korey saw Appellant's Counsel John Capaldi at court at 1801 Vine Street in Philadelphia when she was there for another matter. Appellant's Counsel Capaldi acknowledged that he had received Appellee's Counsel Korey's phone messages and that he was aware of the problems with the transcript. Appellee's Counsel Korey indicated that she had discussed the matter with DHS counsel and suggested that the parties could use the Statement of Facts from the Petition and Ms. Watson's Brief as a starting point for discussions regarding a reconstruction of the record pursuant to Pa.R.A.P. 1923, 1924 and 1926. Appellant's Counsel Capaldi indicated that he would think about it and get back to counsel. Thereafter, Appellee's Counsel received no contact or correspondence from Appellant's Counsel regarding this matter.

Child's Brief at 13 n. 5.

Our review of the record reveals that Mother failed to discharge her obligation to ensure an adequate record on appeal, such as to permit meaningful review. *See Preston*, 904 A.2d at 7. As a result, this Court is without an adequate record to consider whether the trial court's findings of fact are supported by competent evidence, or whether the court erred in its decree.

As to the consequences of Mother's failure, our rules of appellate procedure provide, in pertinent part:

---

**2.** The record reveals that Mother requested transcripts for the subsequent hearing on January 28, 2011, which were produced and made part of the record. That transcript of that hearing, however, consists solely of oral arguments by counsel and the ruling of the trial court; no testimony was given and no evidence was admitted at that hearing. N.T., 1/28/11, at 1–26.

**Rule 1911.  Request for Transcript**

\*        \*        \*

(d) **Effect of failure to comply.**  If the appellant fails to take the action required by these rules and the Pennsylvania Rules of Judicial Administration for the preparation of the transcript, the appellate court may take such action as it deems appropriate, which may include dismissal for the appeal.

Pa.R.A.P. 1911.  As stated above, "Absent a re-creation of the content of the alleged missing transcript, it is as if the transcript was not filed." *In re G.T.,* 897 A.2d at 1198–99.

In the instant case, Mother failed to recreate the content of the missing transcript, and our review of the record does not reveal any effort on her part to do so. As a result, it is as if the transcript was not filed. *See id.* at 1198–99.  Moreover, our review reveals that the record, as it stands, is insufficient to allow for meaningful appellate review.  Pursuant to Pa. R.A.P. 1911, we dismiss Mother's appeal.

Appeal dismissed.