J-A03018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PAMELA W. MCKINNEY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEARY H. WILLIS | |
| Appellant | No. 1045 EDA 2015 |

Appeal from the Order Entered March 16, 2015
In the Court of Common Pleas of Montgomery County
Domestic Relations at No(s): 2008-22116 PACSES:759110222

BEFORE:  GANTMAN, P.J., MUNDY, J., and DUBOW, J.

JUDGMENT ORDER BY MUNDY, J.:　　　　　　　**FILED: January 21, 2016**

Appellant, Keary H. Willis, appeals *pro se* from the March 16, 2015 order finding him in contempt for noncompliance with a December 12, 2012 child-support order as modified on October 28, 2014, relative to arrearages. We are constrained to dismiss this appeal due to Appellant's failure to take the necessary steps to ensure the transcript of the contempt hearing was included in the certified record.

On December 8, 2014, the Montgomery County Domestic Relations Section prepared a contempt petition against Appellant for non-payment of his court-ordered child support obligation.[1]  By order dated January 6, 2015,

_____

[1] On October 27, 2014, the trial court conducted a hearing, addressing the parties' cross petitions for modification of a December 12, 2012 child support order.  On October 28, 2014, the trial court denied both petitions and

*(Footnote Continued Next Page)*

the trial court scheduled a hearing on the contempt petition for February 13, 2015. Following the hearing, the trial court found Appellant in contempt by order dated February 13, 2015 and filed March 16, 2015.

Appellant filed a timely notice of appeal on March 16, 2015.[2] Although Appellant included a request for transcript form with his notice of appeal, he did not fill it out or pay the required fee. *See* Request for Transcript, 3/16/15; Trial Court Opinion, 5/12/15, at 2. Consequently, no transcript exists in the certified record submitted to this Court. Appellant appears to raise admissibility of evidence and sufficiency of evidence claims.[3]

---

*(Footnote Continued)* ————————————

modified the existing order relative only to imposing additional payments on Appellant toward arrears. Appellant appealed the trial court's October 28, 2014 order, which this Court affirmed on October 20, 2015, while the instant appeal was pending. *McKinney v. Willis*, --- A.3d ---, 3287 EDA 2014 (Pa. Super. 2015) (unpublished memorandum).

[2] The trial court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). On May 12, 2015, the trial court prepared a Rule 1925(a) opinion, noting the absence of a transcript prevents any meaningful review.

[3] Appellant's question presented for appeal states as follows.

> Whether the court may ignore evidence submitted by [A]ppellant, who is *Pro Se*, using an unsubstantiated and undocumented perceived credibility issue[,] [f]oreclosing on a substantive documented issue of decreased earning capacity effected by disability, documented payments made through employment, documented ability to pay amount while disabled, and documented inability to pay exponentially exaggerated purged [sic] amount[,] creating an effect of Contempt and thereby using the

*(Footnote Continued Next Page)*

- 2 -

"For purposes of appellate review, what is not of record does not exist." **Woskob v. Woskob**, 843 A.2d 1247, 1257 (Pa. Super. 2004), *quoting*, **Rosselli v. Rosselli**, 750 A.2d 355, 359 (Pa. Super. 2000), *appeal denied*, 764 A.2d 50 (Pa. 2000). "It remains the appellant's responsibility to ensure that a complete record is produced for appeal." **Kessler v. Broder**, 851 A.2d 944, 950 (Pa. Super. 2004) (citation omitted), *appeal denied*, 868 A.2d 1201 (Pa. 2005). "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." **Wilkins**, **supra** at 1284-1285 (citation omitted). When failure to ensure a complete record hampers meaningful review of an appellant's issues, dismissal of the appeal is appropriate. **See** Pa.R.A.P. 1911(d); **see also In the Interest of R.N.F.**, 52 A.3d 361, 363 (Pa. Super. 2012) (dismissing appeal from decree terminating parental rights where absence of a transcript precluded meaningful appellate review); **Gorniak v. Gorniak**, 504 A.2d 1262, 1263-64 (Pa. Super. 1986) (dismissing an appeal because the appellant failed to request transcription of divorce master's hearing, precluding meaningful review).

---

*(Footnote Continued)*

incarceration as a first remedy instead of last after all factors are considered judicially[?]

Appellant's Brief at 1. We note Appellant's brief is deficient in numerous respects and could serve as an alternative ground for dismissal. **See Wilkins v. Marsico**, 903 A.2d 1281, 1284 (Pa. Super. 2006), *appeal denied*, 918 A.2d 747 (Pa. 2007); **see also** Pa.R.A.P. 2111, 2114-2119.

Because of Appellant's failure to ensure the preparation and inclusion in the certified record of a transcript of the February 13, 2015 contempt hearing, we are unable to conduct a meaningful review of Appellant's issues. Accordingly, we dismiss this appeal.

Appeal dismissed. Case stricken from the argument list.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/21/2016