J-S94001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| C.B. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| L.A.J. | |
| Appellant | No. 1045 MDA 2016 |

Appeal from the Order Entered May 26, 2016
In the Court of Common Pleas of Lancaster County
Civil Division at No(s): CI-15-06319

BEFORE:  LAZARUS, J., RANSOM, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED MARCH 01, 2017**

L.A.J. ("Mother") appeals from the order, entered in the Court of Common Pleas of Lancaster County, awarding primary physical custody of the parties' son ("Child") to C.B. ("Father"), partial physical custody to Mother, and awarding the parties shared legal custody.  We dismiss the appeal.

The parties were married at the time of Child's birth in June 2001.  At that time, they resided in Seattle, Washington. They separated soon after and Mother obtained an order granting her primary physical custody of Child.  Child lived in Washington with Mother until he was thirteen, although

_____

[*] Former Justice specially assigned to the Superior Court.

he lived for a time with his maternal grandmother in Seattle and with his godmother in West Virginia for a year and a half.

In September 2014, Mother brought Child to Lancaster, contacted Father, and arranged for Child to live there with Father, his wife and their three children. Mother planned to move to Atlanta, Georgia.

Child is autistic, but capable of self-care and independence. Father enrolled Child in school and in a program at Child's school with an autism coordinator.[1] Father works as a behaviorist with autistic adults and avers he is uniquely qualified to care for Child, as he has the education (he holds a Master's degree and is working on a doctoral degree) and experience to assist him in increasing Child's level of independence.

Since September 2014, Child has lived in Lancaster, Pennsylvania, with his Father, stepmother and half-siblings. Father filed a complaint in custody on July 23, 2015. The parties attended a custody conciliation conference and, thereafter, a custody hearing was held before the Honorable Leonard G. Brown, III. Mother argued that she intended the transfer of custody to Father in Pennsylvania to be temporary, and that once she settled in Atlanta, she would resume primary custody of Child.

_____

[1] At the time of the custody hearing, Child was in high school. Father points out that Child made the honor roll for the first time in his life, and that he is thriving at home and at school.

Following the custody hearing, Judge Brown entered an order on May 26, 2016, granting Father primary physical custody, granting Mother partial physical custody (approximately 6 weeks in summer) and granting the parties shared legal custody.

Mother filed a timely appeal on June 27, 2016, and she filed a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). Mother raises one issue for our review: "Whether the lower court erred in its application of the factors under 23 Pa.C.S.A. § 5328 in determining the best interest of the child?"

Despite the fact that Mother attached to her notice of appeal a request that the court order a transcript of the custody hearing, and there is a docket entry dated June 29, 2016 indicating that Mother's counsel filed a "transcript request form," there is no transcript included in the original record on appeal.[2] It is Mother's responsibility, as the appellant, to assure that a complete record is provided for appellate review. **See** Pa.R.A.P.1911(a); **see also Smith v. Smith**, 637 A.2d 622 (Pa. Super. 1993) (it is appellant's duty, not trial court's, to provide adequate certified record for appellate review). As to the consequences of Mother's failure to assure that the custody hearing transcript is included in the record on appeal, our rules of appellate procedure provide, in pertinent part:

---

[2] There is no copy of a transcript in Mother's reproduced record.

Rule 1911. Request for Transcript

**(a)   General rule.**  The appellant shall request any transcript required under this chapter . . . and make any necessary payment or deposit therefor in the amount and within the time prescribed by rules 4001 *et seq*. of the Pennsylvania Rules of Judicial Administration.

\* \* \*

**(d)   Effect of failure to comply**.  If the appellant fails to take the action required by these rules and the Pennsylvania rules of Judicial Administration for the preparation of the transcript, the appellate court may take such action as it deems appropriate, which may include dismissal of the appeal.

Pa.R.A.P. 1911.[3]   Mother has not filed a motion to supplement the certified record, **see** Pa.R.A.P. 1926, and neither party addresses this issue.[4]   In the event that an appellant fails to conform to the rules, "[i]t is not proper for ... the Superior Court to order transcripts nor is it the responsibility of the

---

[3] It is appellant's responsibility to contact the court reporter to ascertain whether a deposit will be required and the amount thereof, and to make the deposit.  The court reporter is under no obligation to proceed in the absence of a required deposit, **see** Pa.R.J.A. 5006.6, and under Pa.R.J.A. 5001.11(b), is under no obligation to certify and file the transcript in the absence of full payment or adequate security therefor.

[4] As the explanatory comment to Rule 1931 indicates, if counsel (or a party) discovers that anything material has been omitted from the certified record, the omission can be corrected pursuant to the provisions of Rule of Appellate Procedure 1926. Under Rule 1926, an appellate court may direct that an omission or misstatement shall be corrected through the filing of a supplemental certified record.  However, this does not alter the fact that the ultimate responsibility of ensuring that the transmitted record is complete rests squarely upon the appellant and not upon the appellate courts. Pa.R.A.P.1931 - Note.

appellate courts to obtain the necessary transcripts." *Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa. Super. 2006)(internal citations omitted).

Although the trial court filed a comprehensive opinion and addressed the statutory factors pursuant to 23 Pa.C.S.A. § 5328, without a transcript of the custody hearing, we are unable to determine whether the court's findings are supported by competent evidence of record. *C.R.F. v. S.E.F.*, 45 A.3d 441, 443 (Pa. Super. 2012). The record, as it stands, is insufficient to provide meaningful appellate review. *See In the Interest of R.N.F.*, 52 A.3d 361 (Pa. Super. 2012) (appeal dismissed where lack of transcript precluded meaningful appellate review); *Miller v. Dick*, 596 A.2d 1341 (Pa. Super. 1985) (where transcript not included in original record and docket shows no order for transcript, appeal dismissed for failure of appellant to take action necessary to complete record). Therefore, pursuant to Pa.R.A.P. 1911, we dismiss Mother's appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/1/2017