J-A21029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AUSTIN B. CASSA, | |
| Appellant | No. 1629 WDA 2016 |

Appeal from the Order September 26, 2016
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-SA-0000254-2016

BEFORE: BENDER, P.J.E., OLSON, J., and STABILE, J.

JUDGMENT ORDER BY OLSON, J.: **FILED SEPTEMBER 18, 2017**

Appellant, Austin B. Cassa, appeals from the September 26, 2016 order dismissing his summary appeal. We affirm.

The factual background and procedural history of this case are as follows. On January 6, 2016, a member of the Pennsylvania State Police pulled Appellant over. Appellant received traffic citations for driving an unregistered vehicle, displaying a license plate in an incorrect vehicle, driving without insurance, driving under suspension, driving without a license, and failing to update identification card information.[1] On May 18, 2016, a magisterial district judge found Appellant guilty of all six offenses

---

[1] 75 Pa.C.S.A. §§ 1301(a), 1372(3), 1786(e)(1), 1543(a), 1501(a), and 1515(b) respectively.

and immediately sentenced him to an aggregate term of 60 days' imprisonment.

Appellant timely appealed to the Court of Common Pleas of Westmoreland County. Neither Appellant nor his counsel was present when his case was called at the summary appeal hearing on September 26, 2016. The trial court inquired if Appellant were present, indicated that appropriate notice was sent to Appellant, and dismissed the summary appeal. The trooper who cited Appellant then left the courthouse. When Appellant finally appeared later that day, the trial court inquired into the cause of his absence. The trial court found that Appellant failed to show good cause for not being present for his summary appeal. This timely appeal followed.[2]

Appellant presents one issue for our review:

Whether the [trial c]ourt's findings of fact fail to be supported by competent evidence and whether the trial [court] erred by dismissing Appellant's [s]ummary [a]ppeal based on Appellant's failure to attend his [s]ummary [a]ppeal hearing, where the record establishes that the Appellant showed up for his [s]ummary [a]ppeal hearing but was late, and where the record does not address how late Appellant was or whether he was afforded the opportunity to state the reason for his tardiness?

Appellant's Brief at 4.

We conclude that we cannot meaningfully review this issue. As this Court has stated:

The Comment to [Pennsylvania Rule of Criminal Procedure] 462 explains that paragraph (D) makes it clear that the trial judge

---

[2] The trial court did not order Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b).

> may dismiss a summary case appeal when the judge determines that the defendant is absent without cause from the trial *de novo.* Therefore, before a summary appeal may be dismissed for failure to appear, the trial court must ascertain whether the absentee defendant had adequate cause for his absence. In the event that good cause is established, the defendant is entitled to a new summary trial.

**Commonwealth v. Dixon**, 66 A.3d 794, 796 (Pa. Super. 2013) (internal alteration, quotation mark, and citations omitted).

In this case, when Appellant appeared before the trial court after his summary appeal was dismissed, the trial court inquired whether he had adequate cause for his absence. After hearing Appellant's explanation, the trial court determined that he lacked adequate cause. **See** Trial Court Order, 1/3/17, at 1. The notes of testimony from the September 26, 2016 summary appeal hearing, however, only include the portion of the hearing prior to Appellant's arrival. **See** N.T., 9/26/16, at 2. As such, Appellant was required to file "a statement of the evidence or proceedings from the best available means, including his recollection." Pa.R.A.P. 1923. Without this statement, we are unable to meaningfully review the trial court's determination that Appellant was absent without adequate cause. As such, we affirm the trial court's order. **See In re R.N.F.**, 52 A.3d 361, 363-365 (Pa. Super. 2012).

Order affirmed.

J-A21029-17

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/18/2017