J-A06006-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROSARIO COLUCCI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARMINE COLUCCI | : | |
| | : | |
| Appellant | : | No. 589 WDA 2020 |

Appeal from the Order Entered February 11, 2020
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD-18-7894

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McCAFFERY, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED: JUNE 11, 2021**

Carmine Colucci (Carmine) appeals from the February 11, 2020 order of the Allegheny County Court of Common Pleas that divided the proceeds from the sale of property between Carmine and his brother Rosario Colucci (Rosario), both of whom inherited the property upon the death of their father. The February 11th order provided that Rosario was to receive $47,107.01 and Carmine was to receive $35,324.45.  After review, we affirm.

We begin by noting that this appeal has proceeded for review even though final judgment has not been entered.  Upon receipt of Carmine's appeal, this Court noted that judgment had not been entered and, therefore, on July 16, 2020, a rule to show cause was issued, requiring the entry of judgment.  ***See Genaeya Corp. v. Harco National Insurance Co.***, 991 A.2d 342, 345 n.1 (Pa. Super. 2010) (stating, "[a]ppeal does not properly lie from an order denying post-trial motions, but rather upon judgment entered

following disposition of post-trial motions"). After further review by this Court, it appears that the Allegheny County Division of Court Records refused to accept the filing of the praecipes to enter judgment, since the case involved a distribution of proceeds. Response to Rule to Show Cause, 7/24/20. It appears that the Division of Court Records determined that the sale proceeds at issue in this appeal would likely be distributed through the estate, which cannot be closed until there is a resolution of the instant matter. Furthermore, counsel made a good-faith effort to comply with our directive to request that judgment be entered. Rather, it is the Department of Court Records that refuses to accept the praecipes in the underlying action, seemingly because of the open estate. Since this Court may regard as done that which ought to have been done, *see McCormick v. Northeastern Bank of Pennsylvania*, 561 A.2d 328, 330 n.1 (Pa. 1989), and in the interests of judicial economy, the rule to show cause was discharged and we have determined that the appeal may proceed for review.

In his brief, Carmine states the following issues for our review, which we reproduce *verbatim*:

1. Whether the lower court erred in finding that he could not find anyone to blame for the decline in value of the house and refused to give credit to the appellant for this?

2. Whether the lower court erred in awarding sanctions of $500 for failing to appear at the closing scheduled for May 29, 2019?

3. Whether the appeal in this case properly lies before the Pennsylvania Superior Court?

Carmine's brief at 7.

Having addressed Carmine's third issue above, we now proceed to respond to Carmine's first two claims. In reviewing those issues, we are "limited to determining whether the trial court's findings are supported by competent evidence, whether errors of law have been committed, or whether the trial court's determinations demonstrate a manifest abuse of discretion." *McShea v. City of Philadelphia*, 995 A.2d 334, 338 (Pa. 2010). Moreover,

> [w]hen this Court entertains an appeal originating from a non-jury trial, we are bound by the trial court's findings of fact, unless those findings are not based on competent evidence. The trial court's conclusions of law, however, are not binding on an appellate court because it is the appellate court's duty to determine if the trial court correctly applied the law to the facts.

*Id.*

We have reviewed the certified record, the briefs of the parties, the applicable law, and the two thorough opinions authored by the Honorable Patrick M. Connelly of the Court of Common Pleas of Allegheny County, dated February 11, 2020 and August 21, 2020. We conclude that Judge Connelly's comprehensive opinions properly dispose of the issues presented by Carmine on appeal and we discern no abuse of discretion or error of law. Accordingly, we adopt Judge Connelly's opinions as our own and affirm the order appealed from on that basis.

Order affirmed.

J-A06006-21

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  06/11/2021

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| ROSARIO COLUCCI, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | No. GD-18-7894 |
| | ) | |
| v. | ) | |
| | ) | |
| CARMINE COLUCCI, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

Plaintiff filed a Complaint in Law and Equity pursuant to Pa.R.C.P. 1551 seeking partition of certain inherited property located in the 4th Ward of the City of Pittsburgh, known as 3319 Parkview Avenue. The parties agreed that each had an undivided, one-half, fee simple interest in the property, and the court confirmed the same by way of order dated December 28, 2018.

Thereafter, on April 3, 2019 the court ordered the property to be listed for sale immediately, with the proceeds of any sale to be placed in escrow pending an evidentiary hearing as to how the funds should be distributed. The property sold on or about June 28, 2019, for the sum of ninety-thousand ($90,000) dollars. An evidentiary hearing was held on October 18, 2019, and the matter is now ripe for final resolution pursuant to Pa.R.C.P. 1570.

As noted above, the property sold for $90,000.00. Subtracting the real estate brokers commission, back taxes and utilities, $82,431.47 remains to be divided among the parties. However, as each party argued that he was entitled to a greater portion of the proceeds, an evidentiary hearing was warranted.

Rosario Colucci believed he was entitled to a greater portion of the proceeds due to various costs and payments that he made that were associated with the property. Carmine Colucci believed he was entitled to a greater portion as he believed the property was left in disrepair due to neglect by Rosario

Colucci, which resulted in a lower sales price.

As for Rosario Colucci's claims, the court agrees that he incurred costs and expenses associated with the property that should be reimbursed by Carmine Colucci. Specifically, the court awards Rosario 50% of the legal fees associated with the eviction of the previous tenant **($1,682.50)**; 50% of the 2017 property tax payments **($636.78)**; 50% of the homeowner's insurance premiums paid **($1,500.00)**; and 50% of the utilities paid **($1,500.00)**. The declines to award Rosario legal fees associated with the prosecution of this partition action, as the court finds both parties responsible for their respective legal fees resulting from this action. However, the court does award Rosario an additional **$500.00** in sanctions for Carmine's failure to appear at the closing that was originally scheduled for May 24, 2019. Therefore, Rosario's receives a credit of **$5,819.28.**

As for Carmine's request for credit, while the court accepts that the property was in severe disrepair at the time it was eventually sold, the court is not able to place blame on anyone in particular, certainly not anyone that is a party to this case. Therefore, the court declines to award any additional credit to Carmine in this matter.

Therefore, applying the credit of **$5,891.28** to Rosario's original share of $41,215.73 (and subtracting the same from Carmine's equal share) leaves the parties with the following share of the gross proceeds of the sale:

Rosario Colucci: $47,107.01
Carmine Colucci: $35,324.45.

The court enters the following order:

_____   2/11/2020
Patrick M. Connelly, Judge

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

ROSARIO COLUCCI,             )     CIVIL DIVISION

            )

     Plaintiff,            )     No. GD-18-7894

            )

       v.               )     1925 (a) OPINION

            )

CARMINE COLUCCI         )

            )

     Defendant.         )

FILED

2020 AUG 21 AM 10: 17

DEPT OF COURT RECOR
CIVIL FAMILY DIVISION
ALLEGHENY COUNTY PA

Copies Served by First Class Mail Upon:

Counsel for Plaintiff:

Maximilian F. Beier, Esquire
BEIER, BEIER, and BEIER
Fort Pitt Commons, Suite 400
445 Fort Pitt Blvd.
Pittsburgh, PA 15219

Counsel for Defendant:

Marvin Leibowitz, Esquire
Fort Pitt Commons, Suite LL500
445 Fort Pitt Blvd.
Pittsburgh, PA 15219

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| ROSARIO COLUCCI, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | No. GD-18-7894 |
| | ) | |
| v. | ) | |
| | ) | |
| CARMINE COLUCCI, | ) | |
| | ) | |
| Defendant. | ) | |

## PA.R.A.P. 1925(a) OPINION

This Court submits an Opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a) in response to the Notice of Appeal and Concise Statement of Matters Complained of on Appeal by the Defendant, Carmine Colucci ("Carmine").

This case came before us on Plaintiff Rosario ("Rosario") Colucci's Complaint seeking partition of certain inherited property located in the 4th Ward of the City of Pittsburgh, known as 3319 Parkview Avenue. The parties are brothers who were the heirs to property owned by their late father. Early in the litigation, the parties agreed that each had an undivided, one-half, fee simple interest in the property, and the court confirmed the

same by way of order dated December 28, 2018.

Thereafter, on April 3, 2019 the court ordered the property to be listed for sale immediately, with the proceeds of any sale to be placed in escrow pending an evidentiary hearing as to how the funds should be distributed. The property sold on or about June 28, 2019, for the sum of ninety-thousand ($90,000) dollars. An evidentiary hearing was held on October 18, 2019 and we entered a memorandum opinion and order on February 11, 2020.

Carmine's post-trial motion was filed February 19, 2020 and denied on February 27, 2020. The post-trial motion argued that we erred in awarding $500 in sanctions for Carmine's failure to appear at the real estate closing. The motion also averred that we failed to give Carmine monetary credit for the decline in value of the property, which was allegedly in the possession and control of Rosario prior to and following their father's death.

Carmine's Notice of Appeal was filed June 2, 2020, which we deem to be timely due to the judicial emergency declared by Pennsylvania Supreme Court and the Fifth Judicial District of Pennsylvania. The same two errors raised in the post-trial motion were alleged in the Concise Statement of Matters Complained of on Appeal filed on July 31.

While we largely rely on our Memorandum Opinion, we briefly discuss the two errors alleged and cite to the portions of the transcript that support our opinion.

As to the sanctions, our opinion states "the court does award Rosario an additional

$500.00 in sanctions for Carmine's failure to appear at the closing that was originally scheduled for May 24, 2019." Carmine alleges that we had promised not to award sanctions, as he had successfully made arguments regarding his health, as well as an outstanding request for information regarding other alleged offers, as his reasons for not attending.

At the hearing, Rosario offered Exhibit G which was an earlier-filed motion for sanctions. See Trial Transcript dated October 18, 2019 at page 18 (hereafter, "TT"). While no transcript of earlier hearings exists, Rosario's counsel believed that the motion for sanctions was tabled to be heard at the time of trial. (TT 18-19). Carmine's counsel then objected on the basis of an alleged oral agreement between the parties not to pursue sanctions. (TT 19).

As there is nothing in the transcribed record indicating we declined to award sanctions, this argument is without merit. In the absence of a transcript of proceedings or a summary of those proceedings pursuant to Pa.R.A.P.1923, an appellate court is without an adequate record and the issue is considered waived for purposes of appeal. *In Re G.T.*, 897 A.2d 1197, 1199 (Pa. Super. 2006). The decision whether to sanction a party, and if so the severity of such sanction, is vested in the sound discretion of the trial court. *Croydon Plastics Co., Inc. v. Lower Bucks Cooling and Heating*, 698 A.2d 625, 629 (Pa. Super. 1997).

As to the alleged failure of the court to award Carmine credit for the decline in

property value, our opinion stated, "As for Carmine's request for credit, while the court accepts that the property was in severe disrepair at the time it was eventually sold, the court is not able to place blame on anyone in particular, certainly not anyone that is a party to this case."

In opening statements, Carmine's counsel argued that, "as a result of mismanagement, the property went in total disrepair, and because of that, more money should be given to Carmine than Rosario." (TT 5). It was Carmine's belief that Rosario was in control of the property, and Rosario had power of attorney over their father during their lifetime. He thus believed the condition of the property was the fault of Rosario.

However, Rosario's counsel argued that the property was managed and under the control of Arbors Management from 2008 to 2017. (TT 12). The management contract was between Arbors, the parties, and the parties' father, who was part owner of the property until his death in December of 2016. (TT 13,35). However, 98 percent of the rental proceeds flowed to the parties' father to pay for his care. (TT 31).

Rosario's counsel argued that there were significant issues with the property during the time that it was rented while his father was alive. (Exhibit E, TT 15). These issues included "severe rat/mouse infestation, bathtub leaking, bathroom floor soft, weak, near collapse. House is leaning. Porch roof near collapse. Kitchen

floor buckling." (TT 16). The representations in the opening statements were eventually endorsed by Rosario as his testimony. (TT. 21, 23).

Later in the proceeding, Rosario testified directly that he was dissatisfied by Arbors Management's handling of the tenant. (TT 68, 72). Rosario believed he did not have control over the type of tenant selected since the management contract was signed prior to the tenant leasing the home. (TT 75). Rosario's counsel began eviction proceedings of the tenant within two months of his father's death. (TT 27).

Carmine presented a witness named Stanley Greenwood. Mr. Greenwood observed the deplorable condition of the property in June of 2019, but had no information as to the condition of the property at the time of the father's death. (TT 32, 24). Carmine himself testified that he did not observe the condition of the property until May of 2018 when he obtained a key. (TT 40,48, 52,63). However, upon cross-examination, Carmine admitted that he knew of the deplorable condition of the house in February 2017 because "there is a back door basement that you can go in and out of, apparently, and I figured that since I was an administrator, why not go in that access panel, I suppose." (TT 61).

Thus, there is substantial evidence of record to support a finding that Rosario did not personally cause a decline in the property's value. No separate accounting for such was required to be included in our calculations in dividing the proceeds of the sale.

We further note that Carmine submitted no evidence as to the decline in value of the

residence, or, if not permanent damage, evidence of the cost of repairs to restore the residence to its prior condition (before the property was rented out). We cannot award damages in absence of evidence. A party has a duty to present sufficient evidence from which a factfinder can compute the proper amount of damages with reasonable certainty. *Slappo v. J's Development Associates, Inc.*, 791 A.2d 409, 415 (Pa. Super. 2002). The measure of damages for injury to property, where the injury is deemed to be permanent, is the decrease in the fair market value of the property. The cost of restoration (or repair) is the proper measure of damages when the injury is not permanent. *Richards v. Sun Pipe Line Co*, 636 A.2d 1162,1164 (Pa. Super. 1994).

Thus, this Court finds Carmine's appeal to be without merit, and respectfully requests that the Superior Court affirm our Order of February 11, 2020.

_____ 8/21/2020
Patrick M. Connelly, Judge