J-S06032-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                          :           PENNSYLVANIA
                                             :

                        v.                      :
                                             :

ANTHONY ERIC PROCTOR            :
                                           :
                 Appellant         :    No. 679 MDA 2022

Appeal from the Judgment of Sentence Entered April 5, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0004161-2021

BEFORE:   STABILE, J., NICHOLS, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:           **FILED: MARCH 7, 2023**

Appellant Anthony Eric Proctor appeals the judgment of sentence entered by the Court of Common Pleas of Dauphin County after Appellant was convicted of retail theft. We dismiss this appeal due to Appellant's failure to ensure relevant transcripts in this case were included in the certified record.

On September 12, 2020, Appellant and Curtis Troutman were placed under arrest after Home Depot security personnel discovered the men had attempted to leave the store while in possession of unpaid merchandise.

On November 10, 2021, Appellant filed an omnibus pretrial motion in which he requested the dismissal of the charges against him or in the alternative, the suppression of evidence derived from his warrantless arrest. After a hearing on January 5, 2022, the Honorable William T. Tully denied the

_____

* Former Justice specially assigned to the Superior Court.

motion. On January 6, 2022, Appellant filed two motions for reconsideration of the denial of his original pretrial motion, which were denied.

On April 5, 2022, Appellant was convicted of retail theft in a jury trial conducted by the Honorable Thomas J. Munley. On the same date, the trial court imposed a sentence of one year of probation. On April 11, 2022, Appellant filed a *pro se* post-sentence motion. Before the trial court could rule on the post-sentence motion, on May 2, 2022, Appellant filed a *pro se* notice of appeal. On May 3, 2022, the trial court denied the post-sentence motion.

On May 19, 2022, this Court remanded the case to the trial court to determine Appellant's eligibility for court-appointed counsel. *See* Pa.R.Crim.P. 122(A)(2) ("[c]ounsel shall be appointed …to all defendants who are without financial resources or who are otherwise unable to employ counsel"); Pa.R.Crim.P. 122(A)(2) (appointment of counsel is effective until final judgment, including proceeding on direct appeal).

Appellant subsequently filed a petition seeking to proceed *pro se* on appeal. On June 21, 2022, this Court directed the trial court to conduct a hearing pursuant to *Commonwealth v. Grazier*, 714 A.2d 81 (Pa. 1998) (requiring on-the-record inquiry to determine whether waiver of counsel is knowing, intelligent, and voluntary). After a *Grazier* hearing was held on July 18, 2022, the trial court determined that Appellant's decision to proceed *pro se* was knowing, intelligent, and voluntary.

As an initial matter, we review the timing of the filing of this appeal. A notice of appeal must be filed within 30 days of the entry of the order being

appealed. **See** Pa.R.A.P. 903(a). If a defendant files a timely post-sentence motion, the notice of appeal shall be filed within 30 days of the order deciding the motion. **See** Pa.R.Crim.P. 720(A)(2)(a).

In this case, Appellant filed a timely post-sentence motion, but filed his *pro se* notice of appeal before the trial court could rule on his post-sentence motion. Thus, Appellant's notice of appeal was filed prematurely.

However, the decision in **Commonwealth v. Cooper**, 27 A.3d 994, 1008 (Pa. 2011) is instructive. In that case, our Supreme Court held that a premature *pro se* appeal does not divest the trial court of jurisdiction to act upon a timely-filed post-sentence motion later filed by counsel. The **Cooper** Court held that the premature appeal should have been treated as if it were filed after the denial of the post-sentence motion. **Id**. (citing Pa.R.A.P. 905(a)(5) ("[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the date thereof")).

In this case, although Appellant filed a premature notice of appeal on May 2, 2022 while his post-sentence motion was pending, the trial court perfected the appeal when it resolved the post-sentence motion on May 3, 2022. As a result, this appeal is properly before this Court.

Appellant raises the following claims for our review on appeal:

1. Whether the Common Pleas Court erred by "not dismissing" this case after the Appellant argued that the Magistrate Court had erred by allowing the use of a summons to initiate the 8/19/2021 case (i.e., a refiled case from 9/12/20)?

2. Whether the Common Pleas Court erred by not dismissing this case after the Appellant argued that the Magistrate Court had erred by allowing this case to initiate when the Affidavit of Probable Cause contained "zero" information regarding an alleged August 2020 offense for which the Reporting Officer sought to be charged?

3. Whether the Common Pleas Court erred by not dismissing this case after the Appellant argued that the current case was a "Refiled case" based upon a warrantless arrest on Sept. 12, 2020, (docket #3499) which the Court dismissed because the Commonwealth had substituted the Offense charged/Offense Date from Aug. 19-21, 2020, to Sept. 12, 2020 – after a Preliminary Hearing – which evidenced that the Defendant had neither been charged nor a prima facia case made against the Defendant on the charge.

4. Whether the Common Pleas Court erred by not dismissing this case after the Appellant argued that all evidence (Affidavit, witness testimony, etc.) relative to the 9/12/20 warrantless arrest was "tree fruit of the poisonous" and barred from use in this – the 2nd prosecution & the same as the 1st that failed – after the Aug. 2020, charge was withdrawn by the Commonwealth because the 9/12/2020, warrantless arrest was not probable cause for the Aug. 2020, offense for which the Defendant had been charged?

Appellant's Brief, at 4-5.

Before we review Appellant's arguments, we must evaluate the trial court's request that we dismiss this appeal as Appellant failed to provide a transcript of the pretrial motion hearing. This Court has emphasized that:

[i]t is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in the case. **Commonwealth v. Boyd**, 451 Pa.Super. 404, 679 A.2d 1284, 1290 (1996) *(citing **Commonwealth v. Young**, 456 Pa. 102, 317 A.2d 258 (1974)).* It is also well-settled in this jurisdiction that it is Appellant's responsibility to supply this Court with a complete record for purposes of review. **Commonwealth v. Hallock**, 722 A.2d 180, 181 (Pa.Super.1998). "A failure by [the a]ppellant to insure that the original record certified for appeal contains sufficient information to conduct a proper review

- 4 -

constitutes waiver of the issue sought to be examined." ***Boyd***, 679 A.2d at 1290 (*quoting **Smith v. Smith**,* 431 Pa.Super. 588, 637 A.2d 622, 623 (1993), *allocatur denied,* 539 Pa. 680, 652 A.2d 1325 (1994)).

***Commonwealth v. Martz***, 926 A.2d 514, 524–25 (Pa.Super. 2007). ***See In the Interest of R.N.F.,*** 52 A.3d 361, 363 (Pa.Super. 2012) (dismissing appeal where absence of a transcript precluded meaningful appellate review).

"[*P*]*ro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." ***Commonwealth v. Freeland***, 106 A.3d 768, 776–77 (Pa.Super. 2014) (quoting ***Commonwealth v. Lyons***, 833 A.2d 245, 251–52 (Pa.Super. 2003)). As such, "any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." ***In re Ullman***, 995 A.2d 1207, 1212 (Pa.Super. 2010) (quoting ***Commonwealth v. Rivera***, 685 A.2d 1011 (Pa.Super. 1996)).

In this case, Appellant failed to order any transcripts, but on appeal, Appellant's arguments challenge the denial of his omnibus pretrial motion. As Appellant failed to ensure that the certified record contained a transcript of the January 5, 2022 pretrial motion hearing, neither the trial court nor this Court can provide meaningful review of the order that gave rise to this appeal. Accordingly, we dismiss this appeal.

Appeal dismissed.

J-S06032-23

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/07/2023

- 6 -