## Gureghian, Appellant, *v.* Gureghian.

Argued June 18, 1965. Before ERVIN, P. J., WRIGHT, JACOBS, and HOFFMAN, JJ. (WATKINS, MONTGOMERY, and FLOOD, JJ., absent).

*James Francis Lawler,* with him *Ostroff, Lawler & Baker,* for appellant.

*Stanley E. Gever,* for appellee.

OPINION BY HOFFMAN, J., September 16, 1965:

The appellant-husband, Varoujean Gureghian, alleges that his wife, willfully and maliciously, and without reasonable cause, deserted him, and has continued in this desertion for a period of more than two years. The master's report, which recommended that a divorce a.v.m. be granted to the husband on this ground, was disapproved by the court below. From the dismissal of his complaint, the husband has taken this appeal.

The parties were married in March of 1956. They lived with the wife's parents in Philadelphia until September of 1957. They then moved to Drexel Hill where they remained until their separation in October of 1957. One child was born to the parties.

Our independent examination of the record compels us to agree with the decision of the lower court. We find that the husband not only consented to the separation, but, in fact, aided and encouraged it. A separation to which a husband consents will not support his charge of desertion by the wife. *Burt v. Burt,* 194 Pa. Superior Ct. 34, 38, 166 A. 2d 85, 87 (1960); *McNally v. McNally,* 176 Pa. Superior Ct. 494, 497, 108 A. 2d 839, 840 (1954). What constitutes "consent" to a separation must be determined in each case by examining the conduct of the parties and deciding what is the reasonable effect of their actions. *Duncan v. Duncan,* 171 Pa. Superior Ct. 69, 73, 90 A. 2d 357, 359 (1952).

This marriage of short duration was obviously marked by much bitterness and acrimony on both sides. The wife testified that, on the day of the alleged desertion, she was physically ill. Because she was unable to care for her three-month old child and herself, she pleaded with her husband not to leave. He ignored her pleas and went to work. She then called her father who sent a taxicab to bring her and the baby to her parents' home. At that time she took only those belongings which she needed for the baby. That evening, the husband, without being requested to do so, delivered and put upon the porch of his wife's parents' home all of the clothing and personal belongings of his wife and child including a crib, pots, pans, dishes and other kitchen utensils. Again without request, he gave several hundred dollars in United States Savings Bonds to his wife's father for the care of the baby. Finally, he mailed to his wife the key to her parents' home, and did not communicate with her for approximately five or six months after the separation.

From the foregoing facts, we conclude that the wife has clearly proven that her husband consented to the separation. Further testimony of the husband which attempted to establish desertion after the initial separation does not give rise to grounds for divorce and is not at all clear or satisfactory. Accordingly, we conclude that the order of the lower court dismissing the husband's complaint should be affirmed.

Order affirmed.