375 A.2d 68

**Beula Lyda SHACREAW**

v.

**Edward David SHACREAW, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 8, 1976.

Decided June 29, 1977.

Donald R. Marsh, Indiana, for appellant.

Robert W. Lambert, Indiana, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

This appeal is taken from an order of the court below granting appellee a divorce a. v. m. from appellant. We have carefully reviewed the record, and for the reasons that follow, affirm.

The plaintiff-wife left the marital abode in August, 1975, and filed a complaint in divorce on August 29, 1975, alleging indignities.[1] Her husband, appellant herein, filed an answer to the complaint denying indignities, and ruled plaintiff to file a bill of particulars. After the bill of particulars was filed, a master's hearing was held on December 15, 1975, where plaintiff and defendant each appeared with counsel and testified.

The master's report recommended that plaintiff be granted a divorce a. v. m. Appellant filed exceptions which were dismissed and the court below entered an order divorcing plaintiff and defendant from the bonds of matrimony.

The record of testimony from the master's hearing reveals that plaintiff testified her husband drank to excess every day for six years, causing him to throw up and urinate on the floors and carpets in their home, that he threatened to kill her, struck her, swore at her, slapped her face, and asked her to leave the marital domicile. The wife also testified that her husband embarrassed her in public on several occasions by threatening to kill a neighbor, threatening to kill a bar patron in Johnstown, and threatening to kill a young boy at the stock car races. There is no doubt that these actions, if proven by clear and satisfactory evidence

---

1. Act of May 2, 1929, P.L. 1237, § 10 as amended by the Act of March 19, 1943, P.L. 21, § 1 (23 P.S. § 10, subd. 1(f)).

" . . . consist of such a course of conduct as is humiliating, degrading and inconsistent with the position and relation as a spouse." *McKrell v. McKrell*, 352 Pa. 173, 42 A.2d 609 (1945).

The husband, however, denied most of the alleged indignities. While admitting to drinking every day for six years, he denied ever being drunk. He also denied striking plaintiff, swearing at her, or asking her to leave their home.

 We are well aware that our function in divorce cases is to make a plenary review of the record, and that review extends to matters of credibility. *Riley v. Riley*, 246 Pa.Super. 265, 369 A.2d 1314 (1976); *Gehris v. Gehris*, 233 Pa.Super. 144, 334 A.2d 753 (1975); *Dougherty v. Dougherty*, 235 Pa.Super. 122, 339 A.2d 81 (1975). However,

"The obvious important exception to de novo review by a reviewing court is that great weight must be accorded to the findings of the court or master below if the issues of credibility are ones that are necessarily resolved by personal observations. For example, if the ultimate decision rests on a statement asserted by one party and denied by the other, where there is no corroborative evidence, demeanor on the stand is necessarily dispositive of the issues and is the kind of evidence that cannot effectively be reviewed by an appellate court." *Gehris*, supra, 233 Pa. Super. at 148, 334 A.2d at 755.

In this case, like *Gehris* and *Dougherty*, the primary issue before the master and the court below was one of credibility, which was resolved in favor of plaintiff. Our independent review of the record supports similar resolution. Plaintiff testified as to specific instances of indignities by her husband, which he denied outright or in vague and general terms. Defendant was evasive when questioned about his drinking habits and alcohol purchases, and attempted to explain his threatening behavior toward others in public by positing that "kill the guy" has become a matter of common usage in light of hearing the phrase at sporting events. Examination of this testimony leads us to the same conclusion reached by the master and the court below.

■ Defendant urges this Court to vacate the order of the court below and deny the divorce, relying strongly on the fact that plaintiff's testimony was uncorroborated. It is well settled that a divorce may be granted on the uncorroborated testimony of one spouse unless that testimony is not only contradicted but shaken. *Barr v. Barr*, 232 Pa.Super. 9, 331 A.2d 796 (1974). We are convinced, as were the master and the court below, that plaintiff was the more credible witness, and that although her testimony was contradicted by defendant, it was not shaken by his denials.

The decree in divorce a. v. m. is affirmed.

SPAETH, J., concurs in the result.