393 A.2d 756

Edmund JACONSKI,

v.

Catherine JACONSKI, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 12, 1977.

Decided Oct. 20, 1978.

David L. Hill, Philadelphia, for appellant.

Joseph M. Kilgarif, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Appeal is taken from a Decree granting the divorce in this action following the lower court's dismissal of defendant's exceptions to the master's report and the adoption of said report. Hearing before the master was November 17, 1975, and his conclusion was that defendant had inflicted indignities upon the person of the innocent and injured spouse, as was alleged in the complaint filed on March 4, 1975.[1]

We have often stated that our function in divorce cases is to make a plenary review of the record, including matters of credibility. *Shacreaw v. Shacreaw*, 248 Pa.Super. 223, 375 A.2d 68 (1977). Having made this review, we perceive it as a case of competitive truthfulness of the parties. Plaintiff testified to a course of conduct on the part of defendant of drunkenness, name calling, unwillingness to pursue her household duties, threats of death by her hand, and two instances wherein defendant assaulted and battered her husband. Plaintiff's witnesses testified to having heard defendant vilify her husband in their presence. Defendant testified that plaintiff beat her, spat upon her face, cursed at her, moved furniture so that she, being blind (her blindness having progressed from partial at the time of their marriage to total blindness by the year 1970)[2] would trip over it, threw food, and remained in the house after saying that he had gone so as to scare defendant by the "presence" of an "intruder." Defendant's daughter by a previous marriage testified that her mother did drink, and that she occasionally referred to her husband as a "bum" and a "son-of-a-bitch", but that in other regards defendant per-

1. Act of 1929, May 2, P.L. 1237, § 10, 23 P.S. § 10.

2. Appellee was 18% blind in one eye and totally blind in the other eye.

formed well in the home. She had observed plaintiff strike his wife during arguments. Another witness stated that defendant was a good and sober person. Thus the testimony as to proof of grounds, and plaintiff's status as innocent and injured, stands quite diametrically opposed, the only solid common ground being that plaintiff's efforts at marriage counseling bore no fruit.

■ As was the lower court, we are faced with an assessment of credibility. The master's conclusions as to credibility, embodied in his report which stands before us as advisory only, must be given the greatest weight because it was he who heard and observed the witnesses. *Schrock v. Schrock*, 241 Pa.Super. 53, 359 A.2d 435 (1976). The master concluded that defendant was incredible, and such position was adopted by the lower court. We find nothing in the record to persuade us differently. Both parties' witnesses supported the averments of the side calling them and most of the difficulties occurred in the home outside the hearing and seeing of witnesses. The one instance of physical abuse testified to by defendant's witness was denied by plaintiff, whom the master believed. We are not led to a contrary conclusion.

■ This being so, and recognizing the extreme difficulty of cases such as this, where everything stated by each side is strenuously denied by the other, and where the resolution hinges upon the thin thread of credibility, we find no abuse of discretion in having adopted the master's report below. Credible evidence supports plaintiff's allegation that he was subjected to indignities by the defendant and that he was the innocent and injured spouse.

Decree affirmed.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.