394 A.2d 1042

Penny S. MOSLEN, Appellant,

v.

Andrew S. MOSLEN, Appellee.

Superior Court of Pennsylvania.

Submitted April 10, 1978.

Decided Dec. 6, 1978.

James P. O'Connell, Aliquippa, for appellant.

No appearance entered nor brief submitted for appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PER CURIAM:

This is an appeal from an order of the Court of Common Pleas of Beaver County denying appellant's complaint in divorce a. v. m.[1] We reverse and remand for further proceedings.

Appellant filed her complaint on September 1, 1976, and was granted leave to proceed as an indigent party.[2] The husband, appellee herein, was served with process but did not enter an appearance or otherwise contest the action. At the hearing before Judge Salmon on July 1, 1977, appellant presented evidence which showed her husband "imbibed drugs and alcohol to a degree which made him mean and disagreeable and which resulted in him mistreating appellant and her child."[3] The court, however, denied the divorce, finding "such addiction constitutes an illness, and ill health is not yet a ground for divorce in Pennsylvania." No stenographer was present at the hearing.[4] Further, the court made no specific findings of fact, but filed a one-page memorandum denying the divorce. This appeal, in which appellee-husband has also not entered an appearance, followed.

Our function in divorce cases is to make a plenary review of the record, and that review extends to matters of

1. Divorce Law, Act of May 2, 1929, P.L. 1237, § 10; as amended. Act of March 19, 1943, P.L. 21, § 1; 23 P.S. § 10 as amended. Act of September 22, 1972, P.L. 880, No. 202, § 1.

2. Pa.Rules of Civil Procedure 1137.

3. Memorandum Opinion of lower court.

4. It is apparently the standard procedure in Beaver County to have indigent divorce cases heard before a judge with no notes of testimony taken. Costs, notably any Master's fees and stenographer's charges, can thus be avoided.

credibility. *McCaskey v. McCaskey*, 253 Pa.Super. 360, 385 A.2d 378 (1978); *Shacreaw v. Shacreaw*, 248 Pa.Super. 223, 375 A.2d 68 (1977). Our examination, then, is de novo and we must determine, based upon the record, whether a legal cause of action for divorce exists. *Bonawitz v. Bonawitz*, 246 Pa.Super. 257, 369 A.2d 1310 (1976); *Arcure v. Arcure*, 219 Pa.Super. 415, 281 A.2d 694 (1971). This task is impossible where no transcript of the proceedings below is made. Without a complete record, we are "unable to discharge our responsibility in good conscience," *Barr v. Barr*, 232 Pa.Super. 9, 15, 331 A.2d 774, 777 (1974) and appellant is denied a meaningful appeal.

We therefore reverse the lower court and remand for the making of a record touching on all issues embraced in appellant's complaint. On remand, the court may reconsider its disposition and enter an opinion and decree as the evidence requires. See *Barr v. Barr*, supra.

Order reversed.

HOFFMAN, J., did not participate in the consideration or decision of this case.