453 A.2d 1038

**John D. MOTT,**

v.

**Katherine M. MOTT, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 28, 1982.

Filed Dec. 17, 1982.

2

David H. Kupert, Philadelphia, for appellant.

Malcolm W. Berkowitz, Philadelphia, for appellee.

Before SPAETH, WICKERSHAM and CIRILLO, JJ.

CIRILLO, Judge:

This is an appeal from the final Decree of Divorce granted on September 24, 1979. In October of 1977, appellee filed a Complaint in Divorce, A.V.M.[1], alleging a cause of action based upon grounds of both desertion and indignities. The Master held hearings on May 22, 1978 and May 30, 1978. The Master's Report, filed on July 28, 1979, recommended that a Decree be entered in favor of the appellee, John D. Mott, and against appellant, Katherine M. Mott, on the ground of desertion.[2] Exceptions to the Master's Report were timely filed and dismissed by the lower court, which reviewed the record de novo and entered a final Decree in Divorce. This appeal followed.

The appellant-wife and the appellee-husband were married on June 3, 1972, both for the second time. Three months later, on September 2, 1972, the husband returned home from a trip to the shore with his two daughters to find that his wife had left and had removed her clothes from the house. The wife never again returned to reside with her husband.

In a divorce case, it is the responsibility of this court to make a de novo evaluation of the record of the proceedings and decide independently of the Master and the lower court whether the legal cause of action exists. *Valerio v. Valerio*, 298 Pa.Super. 262, 444 A.2d 1166 (1982); *Dukmen v. Dukmen*, 278 Pa.Super. 530, 420 A.2d 667 (1980); *Keller v. Keller*, 275 Pa.Super. 573, 419 A.2d 49 (1980). However, in determining issues of credibility, the Master's findings must be given the greatest weight because it is he who heard and observed the witnesses. *Jaconski v. Jaconski*, 259 Pa.Super. 140, 393 A.2d 756 (1978); *Valerio, supra; Dukmen, supra; Keller, supra.*

1. This action was brought under Act of May 2, 1919, P.L. 1237, 23 P.S. § 10(d) and is governed by that Act.

2. The Master recommended that the ground of indignities be dismissed.

4

■ Our review of the record shows that there is no question that the husband established that he and his wife were separated for the requisite statutory period of time.[3] Once this has been demonstrated, the burden then shifts to the wife to prove consent or some reasonable cause for her withdrawal. *Dougherty v. Dougherty,* 166 Pa.Super. 219, 70 A.2d 411 (1950). The wife offered testimony that she left because she desired to seek employment, in contravention of her husband's wishes, and because he beat her. In support of her assertions of physical abuse, her daughter, by a prior marriage, corroborated her testimony. The husband testified that he never beat his wife and his testimony was corroborated by his sister, who had lived with the couple for a month after their marriage, and his daughter, who also had resided with him during the entire three months the husband and wife had lived together.

■ The record shows that the Master specifically found the testimony of the husband and his daughter to be straightforward and credible. Where the wife's wilful and malicious desertion of the husband is established by clear and satisfactory evidence and the wife fails to sustain the burden of showing that the desertion was justified by the husband's conduct, the husband is entitled to a divorce on the ground of desertion. *Charlton v. Charlton,* 159 Pa.Super. 607, 49 A.2d 526 (1946). Additionally, a divorce may be granted solely upon the uncorroborated testimony of the husband, unless that testimony is not only "contradicted" but "shaken" by the countervailing testimony of the other side. *Hargrove v. Hargrove,* 252 Pa.Super. 120, 381 A.2d 143 (1977). *See also, Regan v. Regan,* 227 Pa.Super. 552, 322 A.2d 711 (1974).

■ We have independently reviewed the record, and it is our conclusion that the wife failed to meet her burden of

**3.** 23 P.S. § 10(d) defines the ground of desertion as, "wilful and malicious desertion and absence from the habitation of the injured and innocent spouse without a reasonable cause, for and during the term and space of two years."

proof that she had consent or cause to withdraw from her husband's residence.

Decree affirmed.

SPAETH, J., files a dissenting opinion.

SPAETH, Judge, dissenting:

The majority acknowledges that a spouse in a divorce action can rebut the presumption of desertion that arises from the separation of the parties for the statutory period by showing that the other spouse consented to the separation. Slip op. at 2. *See Gureghian v. Gureghian,* 206 Pa.Super. 411, 213 A.2d 218 (1965); *Burt v. Burt,* 194 Pa.Super. 34, 166 A.2d 85 (1960). I disagree with the majority's conclusion that appellant deserted her husband because I believe that appellant succeeded in establishing that her husband consented to her departure from their home.

Appellant testified without contradiction that her husband had threatened to oust her from their home if she began to work: "He started yelling at me and hollering he didn't want me to work. And I told him I was going back to work.... So he told me that if I went back to work that I could get the f___ out of the house." N.T. 98–99. Appellant further testified that appellee had reiterated that threat: "I left because he told me that Saturday morning that if I was going back to work Monday that if I didn't pack my things and get out then when I came home from work Monday that my personal belongings would be on the porch, that he would personally put them outside." N.T. 104.

In determining whether separation is consensual, we examine the conduct of the parties. *Gureghian v. Gureghian, supra.* In presenting appellant with the ultimatum that she must choose between returning to work and remaining in their home, appellee expressed his consent to appellant's departure should she choose to return to work. Since appellant did return to work, I conclude that—far from deserting her husband against his will—she left in compli-

ance with appellee's wishes. The lower court's finding that appellant had deserted appellee was therefore error.

The decree granting a divorce should be reversed.