J-S69002-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GRAZYNA SKLODOWSKA-GREZAK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WIESLAW GREZAK | : | No. 1491 EDA 2019 |
| | : | |
| Appellee | : | |

Appeal from the Decree Entered March 28, 2019
In the Court of Common Pleas of Monroe County Domestic Relations at
No(s):  5575 CV 2016,
751 DR 2005

| | | |
|---|---|---|
| GRAZYNA SKLODOWSKA-GREZAK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WIESLAW GREZAK | : | No. 1904 EDA 2019 |

Appellee

Appeal from the Decree Entered June 10, 2019
In the Court of Common Pleas of Monroe County Civil Division at No(s):
5575 CV 2016,
751 DR 2005

BEFORE:   SHOGAN, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY SHOGAN, J.:                **FILED JANUARY 24, 2020**

---

[*] Retired Senior Judge assigned to the Superior Court.

Grazyna Sklodowska-Grezak ("Wife") and Wieslaw Grezak ("Husband") have been enmeshed in divorce proceedings off and on since 2005. Wife now appeals[1] *pro* se at Superior Court Docket Number 1491 EDA 2019 from entry of the divorce decree on March 28, 2019, following denial of exceptions to the Master's Report and Recommendation equitably distributing marital property, and at Superior Court Docket Number 1904 EDA 2019, from the June 10, 2019 order denying Wife's Petition for Supersedeas.[2] We affirm.

On August 30, 2005, Wife filed a complaint in divorce, which she subsequently discontinued. In an opinion denying in part and granting in part the parties' exceptions to the Master's Report in this case, the trial court explained the procedural history of this case, as follows:

> On August 3, 2016, [Wife] filed [a second] action in divorce against [Husband]. The parties were married on July 24, 1982, in Poland and there were two children born of the marriage, both of whom are now adults. On July 24, 2018, a hearing was held before Divorce Master Daniel M. Corveleyn, Esquire ("Master"). The Master filed his Report and Recommendations on August 27, 2018. Husband filed Exceptions to the Divorce Master's Report on September 13, 2018 and Wife filed Exceptions to the Divorce Master's Report on September 17, 2018. Oral argument was held

_____

[1] The appeal is timely. The divorce decree was entered on the docket on March 28, 2019. Wife filed her notice of appeal on Monday, April 29, 2019. Because the thirtieth day fell on Saturday, April 27, 2019, the appeal is timely. **See** Pa.R.A.P. 903(a) (notice of appeal shall be filed within thirty days of entry of order appealed); 1 Pa.C.S. § 1908 (when last day of appeal period falls on Saturday, Sunday, or a legal holiday, that day is omitted from computation of appeal period).

[2] We granted Wife's request to consolidate the appeals on July 23, 2019. Order, 7/23/19.

- 2 -

in this matter on November 1, 2018. We are now prepared to address the exceptions filed by the parties.

* * *

Husband is 59 years old and Wife is 56 years old. Husband is self-employed as the owner and operator of Grezak Construction Company, a business registered with the state of New Jersey, Division of Consumer Affairs, as of May 1, 2006; and registered as a home improvement contractor in Pennsylvania. Wife is presently unemployed because of her alleged poor medical condition[]. At the Master's hearing, Wife claimed to suffer from cardiac issues, and muscle spasms, however she admitted that she has not seen a specialist for these issues and she has not filed a physician's verification for the claimed problems. Before she came to the USA, Wife claimed to have run a lucrative business in Poland making suits for Russian people. In the United States, she operated a cleaning business known as "Magic Wand."

There was no indication of contribution by either party to the education, training or increased earning power of the other party. The source of income of each party was noted; and each party claimed to contribute to the preservation of the mar[it]al home by either payment of taxes and/or remedial work. The parties lived a frugal life and the economic circumstances of each party at the time the division of property is minimal.

Trial Court Opinion, 3/28/19, at 1, 3–4.

The trial court continued the procedural history in its Pa.R.A.P. 1925(a)

opinion, as follows:

On March 28, 2019, we entered an Opinion and Order denying [Wife's] Exceptions to the Master's Report and granting in part and denying in part [Husband's] Exceptions to the Master's Report. On April 26, 2019, [Wife] filed a "Motion to Open Final March 28, 2019 Decree in Divorce for Reconsideration and Modification in Part of March 28, 2019 Order/Petition for Special Reliefs (sic)/Petition for Modification of Marital Debts and Post Divorce Alimonies for [Wife]/Petition for Constructive Trust" (sic) which we denied in an Order dated May 3, 2019.

* * *

- 3 -

On April 29, 2019, [Wife] filed a Notice of Appeal to the Superior Court of Pennsylvania and on May 3, 2019, we directed [Wife] to file her 1925(b) statement of errors complained of on appeal. On May 15, 2019, [Husband] filed a "Petition for Appointment of a Realtor to List Marital Properties for Sale, for [Husband] to Obtain his Property left at the Marital Residence and for Contempt" ("Petition")[.] Thereafter, on May 21, 2019, [Wife] filed a Petition for Supersedeas and on May 22, 2019, [Wife] filed a "Motion to Dismiss/Strike [Husband's] Petition for Appointment of a Realtor to List Marital Properties for Sale, for [Husband] to Obtain his Property left at the Marital Residence and for Contempt" ("Motion") (sic)[.] This [c]ourt scheduled a hearing on the Petition and Motion for June 3, 2019.

On May 24, 2019, [Wife] filed a "Concise Statements (sic) of the Errors Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b)" ("Statement"). We file this Statement Pursuant to 1925(a) in response to [Wife's] Statement. In her Statement, [Wife] sets forth a confusing statement of her concept of this case. Similarly, [Wife] set forth a confusing, wordy statement in her Exceptions to the Master's Report and Recommendations.

Pa.R.A.P. 1925(a) Opinion, 6/6/19, at unnumbered 1–2.

We first address Husband's request that we quash this appeal due to Wife's noncompliant brief with our rules of appellate procedure.[3] Husband's Brief at 12–14; *see* Pa.R.A.P. 2101 ("Briefs . . . shall conform in all material respects with the requirements of these rules . . . and, if the defects are in the brief . . . of the [Wife] and are substantial, the appeal . . . may be quashed or dismissed.").

_____

[3] We note, as well, that this Court entered a *per curiam* order on December 3, 2019, precluding our Prothonotary from accepting any further filings in this matter. Order, 12/3/19.

- 4 -

Although this Court is willing to liberally construe materials filed by a *pro se* litigant, "*pro se* status confers no special benefit upon the [Wife]. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." **In re Ullman**, 995 A.2d 1207, 1211–1212 (Pa. Super. 2010). Accordingly, *pro se* litigants must comply with the procedural rules set forth in the Pennsylvania Rules of Court. **Commonwealth v. Tchirkow**, 160 A.3d 798, 804 (Pa. Super. 2017) (citation omitted).

In the instant matter, the brief filed by Wife fails to conform to the Pennsylvania Rules of Appellate Procedure. **See** Pa.R.A.P. 2114–2119 (addressing specific requirements of appellate briefs). Most egregious is Wife's failure to provide a statement of questions involved. Our appellate rules provide, in part:

> The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail. . . . No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby. Each question shall be followed by an answer stating simply whether the court or government unit agreed, disagreed, did not answer, or did not address the question.

Pa.R.A.P. 2116(a). Instead, Wife includes *verbatim* statements from paragraphs one through five of her Rule 1925(b) statement filed on May 24, 2019, and a completely new issue labeled as number six, which was not included in the Rule 1925(b) statement, and therefore, is waived. **In re M.Z.T.M.W.**, 163 A.3d 462, 466 (Pa. Super. 2017) ("[I]t is well-settled that

- 5 -

issues not included in an appellant's statement of questions involved and concise statement of errors complained of on appeal are waived); Wife's Brief at unnumbered iii–iv. Moreover, the statements that are presented on these two pages numbered one through five are unconnected by syntax and are nearly indecipherable. Significantly, none of the identified paragraphs presents a claim related to the order appealed in Superior Court Docket 1904 EDA 2019.[4] Because there is no issue before us related to the appeal in 1904 EDA 2019, the June 10, 2019 order is affirmed.

"This Court will not act as counsel and will not develop arguments on behalf of an appellant." **Coulter v. Ramsden**, 94 A.3d 1080, 1088 (Pa. Super. 2014). "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." **Commonwealth v. Sanford**, 445 A.2d 149, 150 (Pa. Super. 1982); **see also Commonwealth v. Rompilla**, 983 A.2d 1207, 1210 (Pa. 2009) ("Appellant's failure to adequately develop

---

[4] Wife's reply brief appears to be an attempt to present the same allegations of her original brief, with the added claim, for the first time, of an issue relating to the denial of supersedeas on June 10, 2019, the order appealed at Superior Court docket 1904 EDA 2019. Wife's Reply Brief at 10–14. "[A]n appellant is prohibited from raising new issues in a reply brief. Moreover, a reply brief cannot be a vehicle to argue issues raised but inadequately developed in appellant's original brief." **Commonwealth v. Fahy**, 737 A.2d 214, 219 n.8 (Pa. 1999); **see also Bishops, Inc. v. Penn Nat. Ins.**, 984 A.2d 982 (Pa. Super. 2009) (issue raised in reply brief inadequate where it was not raised in statement of questions involved and the appellant made only passing reference to issue in its brief as cross-appellee).

his arguments or support his bald assertions with sufficient citation to legal authority impedes meaningful judicial review of his claims"); ***Stimmler v. Chestnut Hill Hosp***., 981 A.2d 145, 153 n.9 (Pa. 2009) (argument portion of brief must contain "sufficient citation to the record and legal authority, together with analysis, to guide this Court in its review of the issue.").

Thus, because the defects in Wife's briefs are so substantial that they impair our ability to conduct a meaningful review, we could dismiss the appeal at 1491 EDA 2019, as well. In consideration of Wife's challenges as a non-native English speaker and in light of the trial court's valiant effort to sift through Wife's allegations, however, we will not quash the appeal.

The *verbatim* "issues" Wife suggests, as excised from her Pa.R.A.P. 1925(b) statement, are as follows:

> CONCISE STATEMENTS OF ERRORS COMPLAINED OF ON APPEAL PURSUANT TO Pa.R.A.P. 1925(b)/QUESTIONS PRESENTED TO ARGUMENTS
>
> 1. Whether the Trial Court erred (when did not consider) any evidence that [Husband] attempted to misled [Wife] in imposition on her his unfair marital settlement, and from February 24, 2017 [Husband] possesses and acts in a willful manner culminating in agreements with authorities ...and ... law firm not assigned to this action, to leave [Wife] in nothing, as [Husband'] long term plan to retaliate against [Wife] for his 2005 incarnation resulted from his contempt of PFA involving extortion of $20,000.00 from [Wife], and whether the The Trial Court erred when refused to grant... [Wife'] February 24, 2017 ... and related Petitions.
>
> 2. Whether the Trial Court committed an error of law or abuse of discretion during the March 23, 2018 hearing and thereafter by precluding review of [Wife'] pending Motions, Petitions ... related to her economic claims, inter alia, [Wife's] imposition of discovery on [Husband] and alimony pendente lite ... when [Wife] was not

entitled to have requested continuance ... with English-Polish interpreter ... to have compressive testimony of [Wife] and cross-testimony of [Husband] ..., as this perpetuated a highly prejudicial environment for ... [Wife] and more significantly circumvented her rights to protection of the equitable distribution under the Divorce Code.

3. Whether the Trial Court committed an error of law or abuse of discretion by precluding [Wife] from proper procedural requirements for an adjudication of her economic claims finding no intimidation of ... [Wife] during the equitable distribution before the Divorce Master on July 24, 2018 equitable distribution hearing, and whether an economic justice was provided for her... when can be no doubts that ... [Wife] was ... precluded from her rights to ...present her documents on her economic claims to equitable distribution, precluded to proceed on her exceptions on November 1, 2019, and whether the Trial Court should to review them supported by the new evidence requested in her April 26, 2019 Motion to Open final March 28, 2019 Decree of Divorce for Reconsideration and Modification in part of March 28, 2019 Order/Petition for Special Reliefs/Petition for Special Reliefs/Petition for Modification of Marital Debts and Post-Divorce Alimonies for [Wife]/Petition for Constructive and April 29, 2019 Motion to Supplement the aforementioned Motion/Petition.

4. Whether [Husband's] intrinsic fraud and other misrepresentations were responsible for March 28, 2019 Order, and it is invalid in part, and the Trial Court should review [Wife'] economic claims fully incorporated by the April 26, 2019 ... and April 29, 2019 ... aforementioned Applications ... herein by reference.

5. Whether it was a proper exercise of discretion for the Trial Court not to assign the marital house in Pennsylvania to [Wife's] name ... when she acquired equity in Pennsylvania house and additionally invested $150,000.00 in funds and labor to save it from dissipation.

6. Whether [Husband] terminated his rights in Pennsylvania and Poland houses, caused delays, and there is no doubts that the Trial Court abused its discretion or committed an error of law, when ordered the exclusive authority on enforcement of the sale of Pennsylvania and Poland houses.

Wife's Brief at unnumbered iii–iv.

In determining equitable distribution, the trial court considered the following factors:

(1) The length of the marriage.

(2) Any prior marriage of either party.

(3) The age, health, station, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties.

(4) The contribution by one party to the education, training or increased earning power of the other party.

(5) The opportunity of each party for future acquisitions of capital assets and income.

(6) The sources of income of both parties, including, but not limited to, medical, retirement, insurance or other benefits.

(7) The contribution or dissipation of each party in the acquisition, preservation, depreciation or appreciation of the marital property, including the contribution of a party as homemaker.

(8) The value of the property set apart to each party.

(9) The standard of living of the parties established during the marriage.

(10) The economic circumstances of each party at the time the division of property is to become effective.

(10.1) The Federal, State and local tax ramifications associated with each asset to be divided, distributed or assigned, which ramifications need not be immediate and certain.

(10.2) The expense of sale, transfer or liquidation associated with a particular asset, which expense need not be immediate and certain.

> (11) Whether the party will be serving as the custodian of any dependent minor children.

Trial Court Opinion, 3/28/19, at 2–3 (citing 23 Pa.C.S. § 3502(a)).

In reviewing awards of equitable distribution, we are guided by the following:

> A trial court has broad discretion when fashioning an award of equitable distribution. Our standard of review when assessing the propriety of an order effectuating the equitable distribution of marital property is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. We do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. This Court will not find an "abuse of discretion" unless the law has been overridden or misapplied or the judgment exercised" was "manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record. In determining the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole. We measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights.

*Carney v. Carney*, 167 A.3d 127, 131 (Pa. Super. 2017) (quoting *Morgante v. Morgante*, 119 A.3d 382, 386–387 (Pa. Super. 2015) (internal citations and quotation marks omitted)).

"An abuse of discretion is not found lightly, but only upon a showing of clear and convincing evidence." *Yuhas v. Yuhas*, 79 A.3d 700, 704 (Pa. Super. 2013) (*en banc*). Moreover, it is within the province of the trial court to weigh the evidence and decide credibility, and this Court will not reverse those determinations as long as they are supported by the evidence. *Sternlicht v. Sternlicht*, 822 A.2d 732, 742 (Pa. Super. 2003). We are also

aware that "a master's report and recommendation, although only advisory, is to be given the fullest consideration, particularly on the question of credibility of witnesses, because the master has the opportunity to observe and assess the behavior and demeanor of the parties." *Childress v. Bogosian*, 12 A.3d 448, 455–456 (Pa. Super. 2011).

We note that the trial court, which has entertained over 2,000 pages of documents in this case, expressed its familiarity "with the procedural history of this case," and acknowledged Wife's "dilatory" conduct. Trial Court Opinion, 3/28/19, at 6. Nevertheless, the trial court also opined that Wife, proceeding *pro se*, "zealously [was] representing herself." *Id.* The court opined that while Wife "sincerely believed that she was prosecuting the case in her best interest," "file[d] multiple motions and petitions," and "was committed to her cause," the court remained concerned that Wife intended to "delay the sale of the marital residence and the property in Poland." *Id.* Our review of the entire record and the parties' briefs compels our support for the trial court's resolution of the aspects of Wife's claims that are decipherable, and we rely on the March 28, 2019, and June 6, 2019 opinions of the trial court in affirming this case.[5]

Decrees entered March 28, 2019, and June 10, 2019, affirmed.

---

[5] The parties are directed to attach those opinions in the event of further proceedings in this matter.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/24/20

COURT OF COMMON PLEAS OF MONROE COUNTY
FORTY-THIRD JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA

| | | |
|---|---|---|
| GRAZYNA SKLODOWSKA-GREZAK, | : | No. 751 DR 2005 |
| | : | No. 5575 CV 2016 |
| Plaintiff | : | |
| | : | |
| vs. | : | IN DIVORCE |
| | : | |
| WIESLAW GREZAK, | : | EXCEPTIONS TO |
| | : | DIVORCE MASTER'S |
| Defendant | : | REPORT AND |
| | : | RECOMMENDATION |

## OPINION

On August 3, 2016, Plaintiff Grazyna Sklodowska-Grezak ("Wife") filed an action in divorce against Defendant Weislaw Grezak ("Husband"). The parties were married on July 24, 1982, in Poland and there were two children born of the marriage, both of whom are now adults. On July 24, 2018, a hearing was held before Divorce Master Daniel M. Corveleyn, Esquire ("Master"). The Master filed his Report and Recommendations on August 27, 2018. Husband filed Exceptions to the Divorce Master's Report on September 13, 2018 and Wife filed Exceptions to the Divorce Master's Report on September 17, 2018. Oral argument was held in this matter on November 1, 2018. We are now prepared to address the exceptions filed by the parties.

When evaluating the merit of any exceptions filed to a divorce master's recommendation, this Court must first examine the master's report. In Pennsylvania,

1

"a master's report and recommendation, although only advisory, is to be given the fullest consideration, particularly to the question of credibility of witnesses, because the master has the opportunity to observe and assess the behavior and demeanor of the parties." *Childress v. Bogosian*, 12 A.3d. 448, 456 (Pa. Super. 2011) (*citation omitted*). However, the master's report "is advisory only. . . and the reviewing court is not bound by it and it does not come to the Court with any preponderate weight or authority which must be overcome." *Rothrock v. Rothrock*, 765 A.2d 400, 404 (Pa. Super. 2000) (*citation omitted*). In determining issues of credibility, the Master's findings must be given the greatest weight because "it is he who heard and observed the witnesses." *Mott v. Mott*, 453 A.2d 1038, 1039 (Pa. Super. 1982) (citation omitted). "[A]lthough the master's report is entitled to great weight, it is the responsibility of the court to make the final equitable distribution." *Trembach v. Trembach*, 615 A.2d 33, 35 (Pa. Super. 1992) (*citing Morschhauser v. Morschhauser*, 516 A.2d 10 (Pa. Super. 1986)).

In determining equitable distribution, the Master considered the following factors:

> (1) The length of the marriage.
> (2) Any prior marriage of either party.
> (3) The age, health, station, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties.
> (4) The contribution by one party to the education, training or increased earning power of the other party.
> (5) The opportunity of each party for future acquisitions of capital assets and income.
> (6) The sources of income of both parties, including, but not limited to, medical, retirement, insurance or other benefits.

(7) The contribution or dissipation of each party in the acquisition, preservation, depreciation or appreciation of the marital property, including the contribution of a party as homemaker.

(8) The value of the property set apart to each party.

(9) The standard of living of the parties established during the marriage.

(10) The economic circumstances of each party at the time the division of property is to become effective.

(10.1) The Federal, State and local tax ramifications associated with each asset to be divided, distributed or assigned, which ramifications need not be immediate and certain.

(10.2) The expense of sale, transfer or liquidation associated with a particular asset, which expense need not be immediate and certain.

(11) Whether the party will be serving as the custodian of any dependent minor children.

23 Pa. C.S.A.§ 3502(a).

Specifically, the Master noted the length of the marriage and discussed the health and sources of income for the parties. Husband is 59 years old and Wife is 56 years old. Husband is self-employed as the owner and operator of Grezak Construction Company, a business registered with the state of New Jersey, Division of Consumer Affairs, as of May 1, 2006; and registered as a home improvement contractor in Pennsylvania. Wife is presently unemployed because of her alleged poor medical conditions. At the Master's hearing, Wife claimed to suffer from cardiac issues, and muscle spasms, however she admitted that she has not seen a specialist for these issues and she has not filed a physician's verification for the claimed problems. Before she came to the USA, Wife claimed to have run a lucrative business in Poland making suits for Russian people. In the United States, she operated a cleaning business known as "Magic Wand."

3

There was no indication of contribution by either party to the education, training or increased earning power of the other party. The source of income of each party was noted; and each party claimed to contribute to the preservation of the martial home by either payment of taxes and/or remedial work. The parties lived a frugal life and the economic circumstances of each party at the time the division of property is minimal.

Husband has filed 8 exceptions to the Master's Report and Recommendations. These exceptions are set forth by Husband as follows:

1. The Master erred in recommending that the listing of the martial home for sale is to be at a price recommended by a broker without raising disputes of either party inasmuch as the Master should have recommended that the broker set a listing price for the listing of the house regardless of objection by either party.
2. The Master erred in not finding that the items contained in exhibit 13, which consisted of [a] series of thirty-five (35) pictures and a list of items of personal property, most of which were items used by Husband's business, should be distributed solely to Husband.
3. The Master erred in recommending that the listing of the Poland Residence is to be at a price recommended by a broker without raising disputes of either party inasmuch as the Master should have recommended that the broker set a listing price for the listing of the house regardless of objection by either party.
4. The Master erred in including Husband's 2000 Toyota Camry in the equitable distribution as the Toyota Camry was purchased by Husband in 2015, three years after the separation of the parties. The separation of the parties as found by the Master was May 14, 2012.
5. The Master erred in not including that the $5,000 in counsel fees to be paid by Wife, be made part of the equitable distribution calculation for the Master's recommendation dated August 27, 2018 or in recommending another concrete manner for Husband to be paid the fees.
6. The Master erred in not including the $750 in counsel fees ordered by the Honorable Stephen M. Higgins on June 22, 2017, be made part of the equitable distribution calculation or in recommending another concrete manner for Husband to be paid the fees.

4

7. The Master erred in not including the $875 in court costs in his recommendation from August 27, 2018, to be paid by Wife, be made part of the equitable distribution calculation or in recommending another concrete manner for Husband to be paid the fees.

8. The Master erred in not setting forth a clear method for equitable distribution and payment of fees considering the facts of this case.

In his first and third exceptions, Husband contends that the Master erred in recommending that the martial home and the Property in Poland be listed for sale at a price recommended by a broker without raising disputes of either party. Husband argues that the Master should have recommended that the broker set the price for listing the sales of these homes regardless of objection by either party.

Husband claims that he should be allowed to choose the broker for the sale of these properties and that Wife should not have any input due to her obstructive behavior. He further argues that Wife should not be given the opportunity to object or raise a dispute which he claims will further delay the final distribution of martial property. In her exceptions, Wife objected to every statement made by Husband's counsel. Wife claims that Husband has no interest in the marital residence and that he intentionally caused damage to it. Wife further claims that the marital residence was valued at $150,000.00 when Husband left the residence and that she has since remediated the home. Wife is requesting a credit of $150,000.00 for the remediation.

At the Master's hearing, the parties disputed who had paid the taxes and insurance for the marital residence. The Master determined that Husband produced evidence of payments for taxes and a copy of a check for $2,500.00 which he testified

5

he gave to Wife towards taxes. Husband stated that Wife cashed the check and never paid the taxes.

We are very familiar with the procedural history of this case and that Wife appeared to be dilatory in her conduct. However, we believe that Wife, being unrepresented in this case, was zealously representing herself. We believe that she sincerely believed that she was prosecuting the case in her best interest. Wife did file multiple motions and petitions; however, we believe that she was committed to her cause and that she intended to finalize the divorce. Nevertheless, we are concerned that Wife may delay the sale of the marital residence and the property in Poland. Therefore, the parties shall select a broker for the marital residence within 30 days and a broker to conduct the sale of the property in Poland within 90 days. The brokers shall set the listing price for each property and shall be authorized to periodically reduce the listing price until each property is sold. If the parties are unable to agree upon listing brokers within the time specified, either party may file a petition requesting they be given the authority to unilaterally select the broker or have one court-appointed. Husband's exceptions in this matter are granted.

Next, Husband argues that the Master erred in not finding that certain photographs and personal items should be distributed solely to him. The Master listened to the testimony of the parties and determined that the items were martial property. In his brief, Husband states that he presented evidence in support of his testimony about the personal property which he had in the marital residence. He does not set forth the specific property to which he is referring. Husband simply states that

6

a vast majority of the property he left at the martial residence relates to his business. The Master had the opportunity to observe and assess the witnesses and their testimony regarding these items and we believe that the Master's finding that these items marital property was proper. We will not disturb his determination. We find no error on the part of the Master and this exception will be denied.

Husband argues that his 2000 Toyota Camry was purchased in 2015, after the separation, and therefore should not be part of equitable distribution. The Master notes in his Report and Recommendations that the 2000 Toyota Camry was titled on December 29, 2003, and issued on October 10, 2015. Husband testified that he purchased the 2000 Toyota Camry in 2015. [Notes of Testimony, July 24, 2018, p. 128 (hereinafter referred to as "N.T.")] Husband indicated that the Kelly Blue Book value is listed as $1,937; however, he stated that the transmission is "dead." [N.T., p.129] Husband testified that the junkyard offered him $150 for the Camry. [N.T., p.129] The Master also noted that the car cannot be operated because of a damaged transmission. Wife did not rebut Husband's testimony.

The only vehicles which were not included in martial distribution were two cargo vans which Husband purchased after separation. The Master recommended that Husband retain the three vehicles titled solely in his name. We find that based upon the testimony of Husband, the 2000 Toyota Camry was not marital property. Accordingly, we will grant Husband's exception and Wife's distribution will be reduced by $1,065.35 (55% of $1937.)

7

In Husband's exceptions numbered 5, 6, and 7, he claims that the Master erred by not including $5,000 in counsel fees, $750 in counsel fees, and $875 in court costs to be paid by Wife as part of equitable distribution. We recognize that these fees and costs must be made part of equitable distribution.

Husband complains that the Master erred in not setting forth a clear method for equitable distribution and payment of fees in this case. The Master clearly set forth the equitable distribution scheme and the amounts due to each party. We believe that the Master's Report was not crystal clear on the method of distribution and payments. Therefore, equitable distribution and payment of fees, as set forth in the Master's Report and determined by this Court, shall be made from PNC Bank Accounts Nos. 5391 and 0328, thereby reducing Plaintiff's distribution from $21,573.27 to $14,948.27. Wife's net distribution shall be $13,882.92[1].

Plaintiff has also filed Exceptions to the Master's Report and Recommendations. In reviewing her Exceptions, the Court is unable to cohesively list the exceptions. Plaintiff has raised issues which have been previously ruled upon by the Court or the exception is simply a confused statement of Plaintiff's idealism of the case. As such, we are unable to address the Plaintiff's Exceptions, therefore, her exceptions will be denied in total.

---

[1] $14,948.27 minus $1,065.35 equals $13,882.92.

8

COURT OF COMMON PLEAS OF MONROE COUNTY
FORTY-THIRD JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA

| GRAZYNA SKLODOWSKA-GREZAK, | : | No. 751 DR 2005 |
| | : | No. 5575 CV 2016 |
| Plaintiff | : | |
| | : | |
| vs. | : | IN DIVORCE |
| | : | |
| WIESLAW GREZAK, | : | EXCEPTIONS TO |
| | : | DIVORCE MASTER'S |
| Defendant | : | REPORT AND |
| | : | RECOMMENDATION |

## ORDER

AND NOW, this 28th day of March 2019, it is hereby **ORDERED** and **DECREED** as follows:

1. Grazyna Sklodowska-Grezak, Plaintiff and Wieslaw Grezak, Defendant are **DIVORCED** from the bonds of matrimony.

2. Defendant's Exceptions to Divorce Master's Report are **DENIED** in part and **GRANTED** in part, as follows:

a) Defendant's request to have the broker set the listing price for the Marital and property in Poland is **GRANTED**;

b) The parties shall select a broker for the marital residence within 30 days and a broker to conduct the sale of the property in Poland within 90 days. The brokers shall set the listing price for each property and shall be authorized to periodically reduce the listing price until each property is sold. If the parties are unable to agree upon listing brokers within the time specified, either party may file a petition

32

requesting they be given the authority to unilaterally select a broker or have one court-appointed.

c) Defendant's objection to the 2000 Toyota Camry being listed as marital property is **GRANTED** and the amount of distribution to Wife shall be reduced by $1,065.35;

d) Defendant's request for a clear method for equitable distribution and payment of fees is **GRANTED**, the payment of equitable distribution and fees shall be made from PNC Bank Accounts Nos. 5391 and 0328, thereby reducing Plaintiff's distribution from $21,573.27 to $14,948.27. Wife's net distribution shall be $13,882.92 after reduction of value of 2000 Toyota Camry.

4.     Defendant's remaining Exceptions to Master's Report are **DENIED.**

5.     The remaining recommendations of the Master as to equitable distribution are affirmed and the parties are directed to comply with those recommendations.

6.     Plaintiff's Exceptions to Divorce Master's Report are **DENIED.**

7.     The court retains jurisdiction of any claims raised by the parties to this action for which a final order has not yet been entered.

BY THE COURT:

STEPHEN M. HIGGINS, Judge

cc    Chynna R. Beisel, Esquire
:    Grazyna Skłodowska-Grezak, *pro se*
    Daniel M. Corveleyn, Esquire, Divorce Master
    SMH 2019-012

33

COURT OF COMMON PLEAS OF MONROE COUNTY
FORTY-THIRD JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| GRAZYNA SKLODOWSKA-GREZAK | : | NO. | 5575 CV 2016 |
| | : | | 751 DR 2005 |
| | : | | |
| **Plaintiff** | : | | |
| | : | | |
| **vs.** | : | | |
| | : | | |
| WIESLAW GREZAK , | : | | |
| | : | | |
| **Defendant** | : | | |
| | : | | |

### STATEMENT PURSUANT TO Pa.R.A.P. 1925(a)

This matter before this Court on Plaintiff Grazyna Sklodowska-Grezak's (hereinafter "Appellant") appeal of this Court's Order denying Appellant's Exceptions to the Master's Report.

On March 28, 2019, we entered an Opinion and Order denying Appellant's Exceptions to the Master's Report and granting in part and denying in part Defendant Wieslaw Grezak's ("Appellee") Exceptions to the Master's Report. On April 26, 2019, Appellant filed a "Motion to Open Final March 28, 2019 Decree in Divorce for Reconsideration and Modification in Part of March 28, 2019 Order/ Petition for Special Reliefs [sic]/ Petition for Modification of Marital Debts and Post Divorce Alimonies for Plaintiff / Petition for Constructive Trust" [sic] which we denied in an Order dated May 3, 2019. Appellant also filed a "Motion to Supplement the Motion to Open Final March 28, 2019 Decree of Divorce for Reconsideration and Modification in Part of March 28, 2019 Order/ Petition for Special Reliefs [sic]/ Petition for Modification of Marital Debts and Post Divorce Alimonies for Plaintiff / Petition for Constructive Trust" [sic] on April

29, 2019 which we denied by Order dated May 3, 2019. On April 29, 2019, Appellant filed a Notice of Appeal to the Superior Court of Pennsylvania and on May 3, 2019, we directed Appellant to file her 1925(b) statement of errors complained of on appeal. On May 15, 2019, Appellee filed a "Petition for Appointment of a Realtor to List Marital Properties for Sale, for Defendant to Obtain his Property left at the Marital Residence and for Contempt" ("Petition") Thereafter, on May 21, 2019, Appellant filed a Petition for Supersedeas and on May 22, 2019, Appellant filed a "Motion to Dismiss/Strike Defendant's Petition for Appointment of a Realtor to List Marital Properties for Sale, for Defendant to Obtain his Property left at the Marital Residence and for Contempt" ("Motion") [sic] This Court scheduled a hearing on the Petition and Motion for June 3, 2019.

On May 24, 2019, Appellant filed a "Concise Statements [sic] of the Errors Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b)" ("Statement"). We file this Statement Pursuant to 1925(a) in response to Appellant's Statement. In her Statement, Appellant sets forth a confusing statement of her concept of this case. Similarly, Appellant set forth a confusing, wordy statement in her Exceptions to the Master's Report and Recommendations.

First, Appellant complains that this Court erred in failing to consider evidence that Appellee misled her by imposition of his unfair settlement due to her duress, fraud and mistake. The Court notes that there was no agreement entered in this matter and the parties participated in a divorce master's hearing after which the parties filed exceptions. We find no error in this regard.

Next, Appellant argues that during the March 23, 2018, hearing this Court erred by precluding her from obtaining a Polish interpreter, which prejudiced her. Initially, we note that the hearing concerned a petition for exclusive possession, which the Court ultimately granted in Appellant's favor. Additionally, Appellant had a Polish interrupter during several hearings; however, she failed to utilize the services of the interpreter and answered questions put to her by the Court in English. This Court is satisfied that Appellant is fluent in both the English and Polish languages.

Appellant also complains that the Master erred in his findings and that the Appellee was credible. As we set forth on our Opinion and Order ("Opinion") dated March 28, 2019, a master's report and recommendation, although only advisory, is to be given the fullest consideration, particularly to the question of credibility of witnesses, because the master has the opportunity to observe and assess the behavior and demeanor of the parties. We addressed this issue in our Opinion and we will not address it further here.

Appellant next complains that the Court erred by not reviewing the "intrinsic fraud" and other misrepresentations as she set forth in her April 26, 2019 and April 29, 2019 motions. As Appellant has not set forth any particular error, therefore, we cannot address this statement of error.

Appellant argues that the Court erred by failing to assign her the marital home when she paid off the tax liens and prevented a tax sale. At the time of the Master's hearing, both parties desired to remain in the marital home. Appellant related that she was in poor health and could not work and the Master noted that he did not believe that Appellant could pay Appellee for his interest in the martial property. In addition,

Appellee provided canceled checks for his contribution towards the payment of taxes. We find no error here.

In her final error complained of on appeal, Appellant claims that this Court erred by denying her May 3, 2019 Motion to Reconsider and because this Court lacked jurisdiction while her appeal was pending. Pa.R.A.P. 1701 (b)(2), (3) states, in pertinent part, that after an appeal is filed, the trial court may; (2) "[e]nforce any order entered in the matter, unless the effect of the order has been superseded as prescribed in this chapter; (3) Grant reconsideration of the order which is the subject of the appeal." Hence, we may enforce our orders unless a supersedeas is filed.

We find nothing further needs to be addressed. And therefore, we request the Superior Court to affirm our Orders of March 28, 2019, and May 3, 2019.

PROTHONOTARY
MONROE COUNTY, PA
2019 JUN -6 P 3: 37

BY THE COURT:

6·6·2019
**DATE**

_____
**STEPHEN M. HIGGINS, J.**

cc:    Chynna Beisel, Esquire
       Grazyna Sklodowska-Grezak, pro se
       Prothonotary Superior Court of Pennsylvania